A. J. GOODMAN & SON, Inc. v. UNITED LACQUER MFG. CORPORATION.

Civil Action No. 7687.

United States District Court
D. Massachusetts.

Jan. 7, 1949.

Kaplan & Linsky and Irving M. Fanger, all of Boston, Mass., for plaintiff.

Max J. Zieman, of Boston, Mass., for defendant.

FORD, District Judge.

This is an action by A. J. Goodman & Son, Inc., against the United Lacquer Mfg. Corp., brought under the Clayton Act, c. 323, 38 Stat. 730, as amended, 15 U.S.C.A. §§ 12–27, and the Robinson-Patman Price Discrimination Act, c. 592, 49 Stat. 1526, 15 U.S.C.A. §§ 13 and 13a. Defendant has moved to dismiss the action for failure to state a claim upon which relief can be granted.

Plaintiff in its complaint has alleged that on March 10, 1948, the State of New Hampshire, Office of the Purchasing Agent, issued a Proposal 802 calling for bids for 18,000 gallons of Yellow Traffic Lacquer to conform to certain specifications, and to be delivered in accordance with a certain delivery schedule to a warehouse of the State in Concord. On March 17, 1948, the plaintiff, a New Hampshire corporation doing business in that state, and defendant, a New York corporation having a place of business in Massachusetts, entered into a contract by which defendant agreed to sell to plaintiff 18,000 gallons of lacquer conforming to the specifications of Proposal 802 and to be delivered in accordance with the schedule therein. The price was to be $1.85 per gallon (less 2% if paid within 10 days) and the contract was expressly conditioned on the plaintiff's being awarded the contract as successful bidder under Proposal 802. Thereupon plaintiff submitted its bid to the State of New Hampshire under Proposal 802 at a price of $1.97 per gallon.

Plaintiff further alleges that the defendant then, unknown to the plaintiff, and for the purpose of destroying or eliminating plaintiff as a competitor, submitted a bid on the same proposal at a price of $1.75 per gallon which the plaintiff alleges was unreasonably low, and the state subsequently awarded the contract to defendant at that price.

Plaintiff contends that the facts alleged, if established, would constitute a violation of Sec. 2(a) of the Clayton Act, as amended, 15 U.S.C.A. § 13(a) and of Sec. 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a, and therefore gives it a right to sue for treble damages under Sec. 4

of the Clayton Act, 15 U.S.C.A. § 15.[1] Defendant contends that the complaint sets forth no conduct on its part which violates these acts, and that even if it has so violated, the complaint makes no showing that any injury suffered by plaintiff was due to any such violation.

The alleged violation of the law consists in the sale of the lacquer by the defendant to the state at a price of $1.75 per gallon, either because this price, compared with the price of $1.85 per gallon at which it would have been sold to the plaintiff, is an act of discrimination falling within the ban of Sections 13(a) and 13a, supra, or because the price taken in itself is unreasonably low within the meaning of Sec. 13a.

It is clear that there is an allegation that the prices asked by the defendant from two different prospective buyers is not the same. But Sec. 13(a) deals only with price discrimination between *purchasers.* Here there is only one purchaser, the State of New Hampshire. It is not enough that a prospective purchaser, the plaintiff, would have had to pay a higher price if it did buy. There must be actual sales at two different prices to two different actual buyers. Shaw's, Inc., v. Wilson-Jones Co., 3 Cir., 105 F.2d 331; Sorrentino v. Glen-Gery Shale Brick Corporation, D. C., 46 F.Supp. 709. Sec. 13a, on the other hand, does not require price discrimination in actual sales but also expressly includes discrimination in *contracts to sell.* But this section is limited to cases where a price in one part of the United States is lower than the price exacted by the seller in other parts of the United States. That does not apply to the situation here set forth, for there is here only one lot of lacquer which was to be delivered to the same warehouse whether sold directly to the state or sold to plaintiff for resale to the state.

However, Sec. 13a also makes it unlawful "to sell, or contract to sell, goods at unreasonably low prices for the purpose of destroying competition or elim-

---

[1] "Sec. 13. Discrimination in price, services, or facilities—price; selection of customers

"(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them: * * *."

"Sec. 13a. Discrimination in rebates, discounts, or advertising service charges; underselling in particular localities; penalties

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to be a party to, or assist in, any transaction of sale, or contract to sell, which discriminates to his knowledge against competitors of the purchaser, in that, any discount, rebate, allowance, or advertising service charge is granted to the purchaser over and above any discount, rebate, allowance, or advertising service charge available at the time of such transaction to said competitors in respect of a sale of goods of like grade, quality, and quantity; to sell, or contract to sell, goods in any part of the United States at prices lower than those exacted by said person elsewhere in the United States for the purpose of destroying competition, or eliminating a competitor in such part of the United States; or, to sell, or contract to sell, goods at unreasonably low prices for the purpose of destroying competition or eliminating a competitor.

* * * * * *

"Sec. 15. Suits by persons injured; amount of recovery

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

inating a competitor." Plaintiff claims that the price of $1.75 at which defendant sold to the state was unreasonably low, for the purpose of eliminating plaintiff as a competitor. The complaint sets forth sufficient facts to show that plaintiff and defendant were competitors, since they were rivals for the business of selling lacquer to the State of New Hampshire. It describes the basic facts of an alleged course of conduct by defendant which might on further proof justify a finding that defendant acted for the purpose of eliminating plaintiff as a competitor. Nor can I hold, in the absence of further evidence, that the price of $1.75 was not unreasonably low. Consequently, I hold that on this point, the complaint properly alleges a violation of Sec. 13a.

But, in order for the plaintiff to recover in a suit for treble damages under Sec. 15, it is necessary to show not only a violation of the anti-trust laws but also injury to the plaintiff which is the result of defendant's violation of those laws. Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885. The injury here claimed is the loss of profit of 12¢ per gallon which the plaintiff would have made had it been awarded the contract. But even though plaintiff alleges that if defendant had charged the same price both to it and to the state, it would have been awarded the contract, the rest of the complaint shows that this conclusion is far from certain. In the first place, the copy of Proposal 802 attached to the complaint shows that "The State reserves the right to accept all or part, or decline the whole bid." Thus there is no assurance that had the plaintiff been the lowest bidder it would have received the contract.

But even assuming that the lowest bidder would have been assured of receiving the contract, it still appears that the cause of plaintiff's loss of the contract was not the fact that defendant's price to the state may have violated the statute, but rather the fact that defendant itself entered the bidding, which did not violate the law. Defendant, if it desires to bid, can always, without violating the law, submit a bid lower than any at which the plaintiff could offer to sell to the state. It would not violate the law by selling to the state at the same price at which it was willing to sell to the plaintiff. Nor would there be any violation if it sold to the state at a price equal to the lowest price at which any of its competitors would supply lacquer to the plaintiff. In either case defendant's price to the state could be equal to the price plaintiff paid, and hence less than the price at which plaintiff could offer to sell to the state and still make any profit on the transaction. The contract would already be lost to plaintiff, and the fact that defendant lowered his price still further so that it was either discriminatory or unreasonably low in itself, could add nothing to the injury.

Hence, if the contract were assured to the lowest bidder, a violation of the statute by defendant does not harm plaintiff; if, as seems to be the case, the lowest bidder is not assured of the contract, any harm resulting from a violation by defendant becomes purely speculative. In either case there is no injury sufficient to support an action for treble damages under Sec. 15.

Defendant's motion to dismiss is granted.