OVITRON CORPORATION, Plaintiff-Appellant, Cross-Appellee,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee, Cross-Appellant.

Nos. 334, 335, Dockets 73–2285, 73–2486.

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1975.

Decided Feb. 24, 1975.

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

John R. Hupper, New York City (Cravath, Swaine & Moore; Paul M. Dodyk, James F. Gleason, Jr., New York City, on the brief), for defendant-appellee.

John M. Calimafde, New York City (Sandoe, Hopgood & Calimafde, Arthur M. Lieberman, Marvin N. Gordon, New York City, on the brief), for plaintiff-appellant.

Before FEINBERG and MANSFIELD, Circuit Judges, and HOLDEN, District Judge.*

PER CURIAM:

Ovitron Corporation appeals from a decision of the United States District Court for the Southern District of New York, Dudley B. Bonsal, J., dismissing its antitrust action against General Motors Corporation. 364 F.Supp. 944 (1973). General Motors cross appeals from certain findings made in that opinion.

Ovitron's complaint alleged that General Motors, through its Delco Division, had deliberately underbid its costs on a government contract in order to capture the market and stifle competition. In his opinion dismissing the complaint Judge Bonsal held that Ovitron, the lowest bidder after General Motors, had failed to present a prima facie case that it would have been awarded the contract had it not been for the lower General Motors bid. Essentially he found that Ovitron did not make a sufficient showing that the Government would have found Ovitron to be a "responsible" supplier—that is, that it had the available plant capacity and personnel and financial resources to successfully complete the contract. We agree and affirm the judgment on that basis.

We find it unnecessary to reach the issues raised by General Motors on its cross appeal: whether the Squad Radio, the subject of the contract, could constitute the relevant market; whether General Motors could, and did, possess monopoly power in that market; and whether General Motors purposefully bid below its anticipated costs in order to acquire market control.

Judgment affirmed.