CITY OF AUBURN, Indiana, acting Through its BOARD OF PUBLIC WORKS AND SAFETY, jointly and severally; and, D & L Communications, Inc., Defendants-Appellants,

v.

Gene MAVIS, Plaintiff-Appellee.

No. 3–883A255.

Court of Appeals of Indiana, Third District.

Sept. 25, 1984.

Kevin P. Wallace, Auburn, P. Michael Miller, Miller & Stewart, Fort Wayne, for defendants-appellants.

David A. Kruse, Kruse, Kruse & Cherry, Auburn, Mark Paul Smith, Krueckeberg & Smith, P.C., Fort Wayne, for plaintiff-appellee.

GARRARD, Judge.

Gene Mavis (Mavis) was a losing bidder for a contract to provide radio communications equipment to the Auburn Fire Department in June 1973. Mavis brought a private action for treble damages pursuant to IC 24–1–2–3 and IC 24–1–2–7 against the City of Auburn (city) and D & L Communications, Inc. (D & L). Mavis alleged that prior to open and competitive bidding the city and D & L contrived to develop specifications favoring equipment sold by D & L such that they violated the antitrust statute. Mavis claimed as damages the time spent in preparing his bid. In the second jury trial [1] on this matter, Mavis obtained a

_____

1. Mavis had originally brought suit in 1974 in    DeKalb Circuit Court which had entered sum-

verdict of $1,458.00 (three times his actual damages) and $17,092.00 in attorney fees.

Restated, the issues on appeal are:

1) What are the essential elements of a private antitrust action under IC 24–1–2–3 and –7 and has the plaintiff proven them by a preponderance of the evidence?

2) Did the trial court err in excluding evidence at trial which it had determined to be prejudicial when it granted plaintiff's motion in limine prior to trial?

*Issue 1*

IC 24–1–2–3 [2] makes unlawful acts which operate to restrain open and free competition in bidding to obtain contracts for private or public work. Under IC 24–1–2–7 [3] a person injured in his business or property by a violation of this statute may bring a civil action seeking treble damages, costs and attorney fees.

Due to the dearth of decisions under IC 24–1–2–3 & –7, Indiana courts use decisional law under the similar federal antitrust law, Section 4 of the Clayton Anti-Trust Act, 15 U.S.C. Section 15. *Sandidge v. Rogers* (S.D.Ind.1958), 167 F.Supp. 553. Federal case law requires a plaintiff to prove three essential elements: 1) a violation of the statute, 2) injury to a person's business or property proximately caused by the violation, and 3) actual damages. *M.C. Manufacturing Co., Inc. v. Texas Foundries, Inc.* (5th Cir.1975), 517 F.2d 1059; *Citizens National Bank of Grant County v. First National Bank in Marion* (1975), 165 Ind.App. 116, 331 N.E.2d 471.

The city maintains that Mavis failed to prove an essential element of his claim, i.e. a violation which caused his damages. In addition, they claim that damage claims for lost time in preparing bids are not cognizable under antitrust law without proof that the plaintiff would have received the contract but for the violation, citing *M.C. Manufacturing Co., Inc., supra; Ovitron Corporation v. General Motors Corporation* (2d Cir.1975), 512 F.2d 442; *Urban Products International, Ltd. v. National Disposal Service* (1975), 32 Ill.App.3d 299, 336 N.E.2d 138; and *A.J. Goodman & Son, Inc. v. United States Lacquer Mfg. Corp.* (D.Mass.1949), 81 F.Supp. 890.

All four of the city's cases cited above are distinguishable on the same ground. In each case the court held that the plaintiff failed to prove it would have received the contract but for the violation. How-

mary judgment for the city. The Court of Appeals reversed the grant of summary judgment in a memorandum decision, *Mavis v. City of Auburn* (1980), No. 3–178 A 24. After a jury verdict for Mavis in Steuben Circuit Court in October 1981, the trial court granted the city's motion to correct errors and ordered a new trial. In March 1983 Mavis received a second verdict which forms the basis for this appeal.

**2.** "Restricting competition—Penalty.—Any and all schemes, designs, understandings, plans, arrangements, contracts, agreements or combinations to limit, restrain, retard, impede or restrict bidding for the letting of any contract for private or public work, directly or indirectly, or to in any manner combine or conspire to stifle or restrict free competition for the letting of any contract for private or public work, are hereby declared illegal, and any person who shall directly or indirectly engage in any scheme, design, understanding, plan, arrangement, contract, agreement or combination to limit, restrain, retard, impede or restrict bidding for the letting of any contract for private or public work, or in any manner combine or conspire to stifle or restrict free competition for the letting

of any contract for private or public work, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not exceeding five thousand dollars [$5,000], to which may be added imprisonment in the county jail or workhouse for a term of not more than one [1] year, in the discretion of the court or jury trying the cause. [Acts 1907, ch. 243, Sec. 3, p. 490.]" (amended by Acts 1978, P.L. 2, Sec. 2404.)

**3.** "Private action—Damages—Penalty.—Any person who shall be injured in his business or property by any person or corporation by reason of the doing by any person or persons, of anything forbidden or declared to be unlawful by this act [Secs. 23–116—23–127], may sue therefor in the circuit or superior court of any county in which the defendant or defendants, or any of them, reside or are found without respect to the amount in controversy, and shall recover a penalty of three-fold the damages which may be sustained, together with the costs of suit, including a reasonable attorney's fee. [Acts 1907, ch. 243, Sec. 7, p. 490.]"

ever, each case involves a damage claim for lost profits. Thus, it would be necessary to establish that the claimant would have received the contract except for the violation in order to establish that the sought-for damages were the natural and probable consequence of the violation. Mavis' damage claim is not for lost profits but is premised on a violation of the statute *prior* to the submission of bids and the award of the contract. His damages resulted not from the award of the contract but from the collusion between the city and D & L in establishing specifications favoring D & L's equipment. But for the violation, i.e. the collusion prior to competitive bidding, Mavis' time spent in preparing a bid would not have been wasted.

■ The purpose of the antitrust act is to:

"... prevent fraud and collusion in the letting of contracts and to protect trade· and commerce against unlawful restraints and monopolies. To accomplish these ends the legislature has seen fit to incorporate into the statute different remedies and drastic measures for the punishment of those who violate its provisions, and for the relief of those who suffer on account thereof."

*Royer v. State ex rel. Brown* (1916), 63 Ind.App. 123, 112 N.E. 122. As the United States Supreme Court held in *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.* (1977), 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701, plaintiffs must prove an:

"... injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation. It should, in short, be 'the type of loss that the claimed violations ... would be likely to cause.' *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. [100] at 125 [89 S.Ct. 1562, 1577, 23 L.Ed.2d 129]."

■ The city and D & L do not dispute the trial court's judgment that a violation of the statute occurred. The city maintains that Mavis' expenses of preparing a bid are the type inherent in any competitive bidding. However, this position ignores the fact that the bidding was no longer competitive after the violation. When the bidding was no longer open and competitive due to collusion between the government and a favored bidder, injury in the form of lost time in preparing a useless bid was a direct result of the antitrust violation. It is the type of injury which the antitrust laws intend to prevent and the type of injury which naturally flows from what makes the defendant's acts unlawful. *Brunswick, supra.*

*Issue 2*

The city maintains that the trial court erred in granting Mavis' motion in limine and in excluding evidence at trial that the city properly considered various factors which led them to award the contract to D & L.

■ A motion in limine may be used by a trial court to exclude prejudicial matter from a jury. *Beta Alpha Shelter of Delta Tau Delta Fraternity, Inc. v. Strain* (1983), Ind.App., 446 N.E.2d 626 (transfer denied); *Burrus v. Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794. Mavis sought, *inter alia*, a court instruction to the defendants that they might not interrogate witnesses or refer to the following in the jury's presence. Whether or not:

"General Electric or D & L Communications, Inc. was the best bid or that plaintiff Mavis' bid was not the best bid. IC 24–1–2–3 permits no defense based on this fact. The end does not justify the means. The issue is whether the defendants violated the prohibitions in IC 24–1–2–3 not whether they chose the best bid. Neither is it relevant to show that Mavis was not the best bid by evidence of service dissatisfaction, etc."

Transcript at 31.

The city asserts that Mavis' allegation in his complaint that the city "had a predetermined and fixed disposition to award the

bid to D & L" allowed them to defend with evidence that they considered various factors between the date the bids were submitted and the date the contract was awarded. Mavis counters that this would have resulted in prejudice to him by allowing the city to maintain that regardless of any violation they would have given D & L the contract.

■ Mavis' complaint alleged that the city arranged prior to the bidding to have D & L prepare the equipment specifications with details favoring D & L's equipment. The issues for the jury centered on whether or not there was: 1) a violation of the statute, 2) injury to Mavis' business or property proximately caused by such violation, and 3) damage sustained by Mavis. Thus, the violation, the injury caused thereby and the damages resulting therefrom are all alleged to have occurred *prior* to the bidding. Therefore, evidence of the factors the city subsequently considered are irrelevant to the issues before the jury and therefore would be prejudicial to Mavis. *Burrus, supra.* Therefore, we affirm the trial court's grant of the motion in limine and its subsequent ruling thereon and affirm the entry of judgment for Mavis.

Affirmed.

STATON, P.J., concurs.

HOFFMAN, J., concurs and files separate opinion.

HOFFMAN, Judge, concurring.

I concur in the majority opinion on Issue 1 but concur only in the result on Issue 2.

A ruling on a motion in limine raises no issue on appeal. The issue on appeal is the ruling by the court when the evidence is offered at the trial. In this case an offer to prove was made during the trial and refused by the trial court. The ruling was proper and thus the court committed no error.