WERTZBERGER, ADMINISTRATOR, ETC. *v.* HERD ET AL.

[No. 18,880. Opinion suspending consideration of appeal
filed March 5, 1957. Opinion on the merits filed
December 3, 1957.]

*Arnold & Arnold,* of Elkhart, *Albert B. Chipman,* of Plymouth, and *F. LeRoy Wiltrout,* of counsel, of Elkhart, for appellant.

*Harry K. Cuthbertson, Sr.,* and *Walter J. Bixler,* both of Peru, for appellees.

OPINION SUSPENDING CONSIDERATION OF APPEAL

ROYSE, J.—Appellees filed their claim against the Estate of Mary Elizabeth Dickerhoof for services jointly rendered the decedent. The appellant filed answer denying the allegations of the claim and pleading payment. He also alleged in a counterclaim that the appellee Thomas Herd was indebted to the estate for money had and received and for money obtained by trick, and praying judgment on behalf of the estate.

Trial to the court. The trial court made a finding for appellees in the sum of $1,950.00, and entered judgment thereon. However, the trial court did not enter judgment on the counterclaim of the appellant.

Rule 2-3, 1943 Revision, provides, in part, as follows:

"No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion suspend consideration until disposition is made of such issues. . . ."

By virtue of this rule we have concluded to and do now suspend consideration of this appeal until such

time as the Marshall Circuit Court finally disposes of the issues involved in this case by the entry of an appropriate judgment on the counter-claim of appellant. The Clerk of the Marshall Circuit Court is hereby ordered to certify a copy of such judgment, when entered, to the clerk of this court, and the same is hereby ordered to thereupon become a part of the transcript of the record heretofore filed in this appeal. *Ax et al.* v. *Schloot et al.* (1945), 116 Ind. App. 303, 64 N. E. 2d 31.

### OPINION ON THE MERITS

ROYSE, P. J.—This is the second time this case has been before us. In *Howard R. Wertzberger, Admr., etc.* v. *Myrtle May Herd et al.* (1957), 140 N. E. 2d 771, we remanded this cause to the trial court for disposal of the issues presented by appellant's cross-complaint. On June 18, 1957 the trial court entered judgment against appellant on his cross-complaint.

Appellees filed their claim against the estate of Mary Elizabeth Dickerhoof for services jointly rendered the decedent. The appellant filed answer denying the allegations of the claim and pleading payment. He also alleged in a counterclaim that the appellee Thomas Herd was indebted to the estate for money had and received and for money obtained by trick, and praying judgment on behalf of the estate.

Trial to the court which made finding for appellees on their claim for $1,950.00 and against appellant on his cross-complaint.

At the time we made our order remanding this case to the trial court we held an informal conference with counsel for the parties and advised them that if they desired and requested permission to do so we would permit them to file amended or supplemental briefs after the trial court had entered its judgment on appellant's counterclaim. No such request has been

made and the cause is now submitted to us on the original briefs of the parties.

The only contention made by appellees in their answer brief was that we were without jurisdiction to hear this cause because there was no final judgment on appellant's counterclaim. As heretofore indicated, that question has now been determined. We have no answer brief from appellees on the merits. Therefore, if appellant has made a prima facie showing of error we may reverse. *Herschel L. Newton v. Cyril Hunt* (1957), 127 Ind. App. 456, 142 N. E. 2d 643.

Appellant in his brief shows that he made proper written request to the trial court to state and file its special findings of fact and state its conclusions of law thereon. The trial court made its findings of fact and entered judgment thereon without stating any conclusions of law thereon.

Appellant asserts that under the provisions of Sec. 2-2102, Burns' 1946 Repl., the duty of the court to find the facts specially and state its conclusions of law thereon is mandatory, and the failure of the court to do so constitutes reversible error. We agree. *State of Indiana v. Wright et al.* (1928), 89 Ind. App. 244, 162 N. E. 695 (Transfer denied) ; *Patterson v. City of Gary et al.* (1934), 98 Ind. App. 623, 190 N. E. 320.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.

NOTE.—Reported in 146 N. E. 2d 115.

Opinion Suspending Consideration of Appeal reported in 140 N. E. 2d 771.