BOARD OF ZONING APPEALS OF THE CITY OF NEW ALBANY *v.* JACOBS ET AL.

[No. 19,761. Filed June 13, 1963.]

*Basil H. Lorch, Jr.,* and *Lorch & Lorch,* of New Albany, for appellant.

*Joseph M. McDaniel,* of New Albany, for appellees.

PFAFF, J.—Appellees brought this action against Appellant by a petition for a writ of certiorari to review a decision of the Board of Zoning Appeals of the City of New Albany, Indiana, the decision of the Board having been adverse to the Appellees denying their petition for a variance of zoning regulations pertaining to certain real estate in the City of New Albany. Trial was had to the Court without the intervention of a jury and without further pleadings pertaining to the issues, and resulted in judgment for Appellees. The error assigned here is the overruling of Appellant's motion for a new trial. The specifications of that motion are as follows:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law.

"3. Errors of law occurring at the trial as follows: (a) The Court refusing to grant the motion of Hertzle Benovitz to be made a party to this action. (b) The Court's refusal to sustain the plea in abatement of Hertzle Benovitz and others. (c) The Court's overruling the motion to dismiss as filed by Hertzle Benovitz and others.

"4. The Court proceeding to hear and determine this cause when it had no jurisdiction of the appeal from the decision of the Board of Zoning Appeals of the City of New Albany.

"5. The Petitioners are not properly before this Court for the following reasons: (a) This petition for a review of the decision of the Board of Zoning Appeals of the City of New Albany by certiorari as filed in this proceeding was not in proper form. (b) At the time the petition for certiorari was filed no notice was served

upon the property owners whom the record of the Board of Zoning Appeals showed to have appeared at the hearing before the Board in opposition to the petitioner.

"6. No evidence was presented in this review or appeal that the Board of Zoning Appeals clearly abused its discretion in denying the petition of the petitioners."

The Appellees have failed to file a brief in support of the Court's judgment. The general rule is that where no brief has been filed by the Appellee the judgment may be reversed if Appellant's brief presents a prima facie case of error. *Wertzberger, Admr., etc.* v. *Herd et al.* (1957), 128 Ind. App. 85, 146 N. E. 2d 115; *Newton d/b/a, etc.* v. *Hunt d/b/a, etc.* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Sunn* v. *Martin* (1959), 130 Ind. App. 29, 161 N. E. 2d 487; *Metropolitan Board of Zoning Appeals of Marion County* v. *Weisfeld, D. D. S.* (1963), 134 Ind. App. 428, 189 N. E. 2d 109; 2 West's Indiana Law Encyclopedia, *Appeals*, §394, p. 275.

The rule was established for the protection of the Court so that we might be relieved of the burden of controverting the arguments and contentions advanced for a reversal where such burden properly rests upon the Appellee.

A careful examination of the Appellant's brief discloses, in our opinion, that prima facie reversible error is demonstrated. The judgment is therefore reversed.

Hunter and Kelley, JJ., concur; Mote, C. J., not participating.

NOTE.—Reported in 191 N. E. 2d 45.