SANDERSON ET AL. *v.* HARSHMAN ET AL.

[No. 19,623. Filed July 2, 1963.]

*Bangs & Yates, C. W. H. Bangs, Donald G. Yates,* of Huntington, and *George Mock* of Bluffton, for appellants.

CARSON, P. J.—The appellants sought to enjoin the appellees from removing a levee which appellants had erected on their land to prevent surface water from being cast upon their land by appellees, and further to enjoin the appellees from entering upon appellants' land to connect a sewer drain to the appellants' private drain tile, and for damages. The appellees counter claimed for injunctive relief seeking to enjoin the appellants from maintaining the levee and further from interfering with the appellees' attempt to connect their sewer tile to the drain crossing the appellants' land.

The court after making certain special findings of fact and stating its conclusions of law thereon entered judgment restraining the appellants from interfering with the re-opening and maintaining of the drain tile; restraining the appellees from interfering with the maintenance of the appellants' artificial dam erected on

the appellants' land; awarding the appellees $300.00 damages and the appellants $1.00 damages.

The appellants filed a motion for new trial which reads as follows:

"Come now plaintiffs herein, by their attorneys, and separately and severally move the court for a new trial herein on each of the following grounds, to wit:

"1. The damages assessed by the court against these plaintiffs are excessive.

"2. Error in the assessment of the amount of the recovery against defendants, in this, the amount is too small.

"3. Error in finding that the plaintiffs should be restrained and enjoined from interfering with the re-opening and remaintaining of said 4" tile drain from the defendants' and cross-complainants' property across the southeast corner of plaintiffs' property.

"4. The finding of the court is not sustained by sufficient evidence.

"5. The finding of the court is not sustained by sufficient evidence, and is contrary to law.

"6. The court erred in assessing damages in favor of defendants and cross-complainants against plaintiffs in the amount of $300.00.

"WHEREFORE, plaintiffs separately and severally pray the court for a new trial of this cause."

Which motion was overruled by the trial court.

The appellants then filed their assignment of errors which reads as follows:

"Appellants aver that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to Appellants in this:

"1. The court erred in overruling Appellants' motion for a new trial.

"2. The court erred in its conclusion of law #2.

"3. The court erred in its conclusion of law #3.

"4. The court erred in its conclusion of law #5."

No brief has been filed by the appellees. We must therefore consider this appeal on the appellants' brief alone. The general rule is that where .no brief has been filed by the appellee the judgment may be reversed if the appellants' brief presents a prima facie case of error. *Wertzberger, Admr., etc.* v. *Herd d/b/a, etc.* (1957), 128 Ind. App. 85, 146 N. E. 2d 115; *Newton d/b/a, etc.* v. *Hunt d/b/a, etc.* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Sunn* v. *Martin* (1959), 130 Ind. App. 29, 161 N. E. 2d 487; *Metropolitan Board of Zoning Appeals of Marion County* v. *Weisfeld, D.D.S.* (1963), 134 Ind. App. 428, 189 N. E. 2d 109; *Board of Zoning Appeals of the City of New Albany, Indiana* v. *Jack Jacobs, et al.* (1963), #19761, 134 Ind. App. 665, 191 N. E. 2d 45; 2 West's Indiana Law Encyclopedia, *Appeals*, §394, p. 275.

The rule was established for the protection of the Court so that we might be relieved of the burden of controverting the arguments and contentions advanced for a reversal where such burden properly rests upon the appellee.

A careful examination of the appellants' brief discloses, in our opinion, that prima facie reversible error is demonstrated with respect to conclusions of law numbers two and three. The judgment of the court enjoining the appellants from interfering with the re-opening and re-maintaining of the 4″ drain tile from the appellees' property across the appellants' property should be set aside and the court instructed to modify its judgment by vacating said injunction and that the judgment awarding the appellees recovery of $300.00 against the appellants should be vacated and said judgment so modified, and the trial court is hereby ordered to modify said judgment con-

sistent with this opinion. In all other respects the judgment is affirmed.

Cooper, Clements and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 528.