MONTGOMERY, ETC. *v.* BOARD OF ZONING APPEALS OF LAKE COUNTY ET AL.

[No. 19,378. Filed October 16, 1963. Rehearing denied November 22, 1963.]

438

*Allen P. Twyman,* of East Chicago, for appellants.

*William M. Demmon,* of Hobart and *Mario B. Tomsich,* of Gary, for appellees.

PFAFF, J.—The proceeding which gave rise to this appeal was an appeal by writ of certiorari to the Lake Cir-

cuit Court from the action of appellee Board of Zoning Appeals of Lake County, Indiana. The Zoning Board had sustained the granting of a zoning permit by appellee Glenn M. Dunkle, as Secretary of the Lake County Plan Commission. The permit had been issued to the First Transylvania Saxon Sick Benefit Society of Gary, Inc., one of the appellees herein, to construct a building to be used for fraternal purposes, in a residential area, in violation of the general provisions of the zoning ordinance of Lake County.[1] The legality of the zoning permit is the issue presented by this appeal.

A statement of the chronological sequence of events, which are undisputed and necessary to an understanding of the issues presented, is as follows:

In August, 1956, the Saxon Club purchased in the city of Gary a block of real estate with a large residence situated thereon, with the intent and purpose of remodeling and moving its club house to this location. The property is situated in a residential area of quality homes valued from $30,000 to $40,000.

On March 12, 1957 (seven months later), the Saxon Club entered into a written contract with architects to prepare plans and specifications for the proposed building. The contract provided that the first payment to the architects be made the following July.

On April 15, 1957, a zoning ordinance was adopted by the county commissioners of Lake County which restricted as a residential zone the area in which the property in controversy is located.

On July 22, 1957, the Saxon Club filed an application for a zoning permit for remodeling the property and

1. For the sake of brevity, the Board of Zoning Appeals of Lake County is herein referred to as the "Zoning Board". The First Transylvania Saxon Sick Benefit Society of Gary, Inc., is referred to as the "Saxon Club".

for its nonconforming use as a "Fraternal Organization". Hearings were held by the Plan Commission on August 19, 1957. Thereafter, on June 2, 1958 (eight and a half months later), appellee Dunkle, acting "For the Commission," issued a zoning permit to the Saxon Club for the proposed construction. Thereafter an appeal from this action was filed before the Zoning Board which reaffirmed the issuance of the permit. Thereupon, appellants filed a writ of certiorari against the appellees herein the Lake Circuit Court.[2] It is from the latter proceedings that this appeal is prosecuted.

Special findings of fact and conclusions of law were requested. After stating these, the trial court entered judgment for the appellees. Since there is no controversy regarding the facts in this case, the validity of the zoning permit, which purported to authorize the construction of a building for a nonconforming use within the area restricted by the ordinance as a residential zone, is presented to us as a question of law.

We therefore examine the findings of fact to ascertain whether these facts, as stated, are sustained by the evidence; and whether they, in turn, sustain the trial court's conclusion of law that, in the granting of the zoning permit (for a nonconforming use), "the law is with the respondents".

The only finding of fact which purports to justify the granting of the zoning permit (authorizing the construction of a nonconforming building) is Finding No. 6. This finding is as follows:

"6. That respondent, Saxon Club, acquired and became the owners of the land in question on August

2. The proceedings in this case were had pursuant to Acts 1951, ch. 291, §5, p. 935, being §53-783, Burns' 1951 Repl. (1963 Cum. Supp.).

17th, 1956, entered into contracts for the construction of the improvements and had diligently prosecuted its construction program to construct the improvements complained of more than six (6) months prior to April 15th, 1957."

The above finding was apparently stated for the purpose of bringing the granting of the zoning permit within the purview of Title X, Sec. 30C of the said Lake County Zoning Ordinance, and the issue is thus presented to this court. The pertinent provision of said ordinance is as follows:

"Nothing in this ordinance shall require any change in the plans, construction or intended use of a building, *the construction* of which shall have been *diligently prosecuted* within six (6) months preceding the date of this ordinance, . . . " (Emphasis supplied).

An examination of the record evidence discloses first, that said finding is not sustained by the evidence, and, therefore, is contrary to law. The finding states that the appellee Saxon Club, "entered into contracts for the construction of the improvements . . . prior to April 15th, 1957." It appears, however, that only two contracts relative to the property were entered into prior to the date of the ordinance. One was for the purchase of the property, and the other was with an architectural firm for the drafting of plans and specifications. Clearly, both of said contracts were prerequisite to the proposed construction, but neither were "contracts for the *construction* of the improvements," as stated in the finding. (Our italics.)

Our Supreme Court, under very similar circumstances, was called upon to consider the definition and limitation of the term "construction" in the case of *Lutz* v. *New Albany City Plan Comm.* (1951), 230 Ind. 74, 80-

81, 101 N. E. 187. In that case the court quoted with approval from the case of *Southern Ind. R. Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 360, 372, 81 N. E. 65, 69, as follows:

> " 'When is the construction of a road commenced? The term has no technical meaning. What is its ordinary acceptation? It refers to the *labor put forth to fit and adapt* a certain selected route to the running of cars. *Construction is building*. Building a road—constructing a road. This certainly does not include buying the ground on which to build and to construct it. Buying a piece of ground is not a part of constructing a house.' " (Our italics.)

"Construction", according to Webster's Third International Dictionary, constitutes "the act of putting parts together to form a complete and integrated object: Fabrication. . . . " The evidence fails to reveal that any contract for such activity had been entered into.

Furthermore, Finding No. 6 demonstrates that the court erred in its said conclusion of law based thereon, for the reason that the court erroneously applied the provisions of Title X, Sec. 30C, *supra*, of said ordinance to the evidentiary facts. By express terms, the ordinance exempts from its provisions the construction of buildings for nonconforming uses when "the construction (thereof) . . . shall have been diligently prosecuted" prior to the date of the ordinance. To come within the exemption granted by this provision, it is necessary (1) that the building was actually in course of *construction* prior to the date of the ordinance (the ordinance refers to the construction in the pluperfect tense), and (2) that such construction was being diligently prosecuted. However, said Finding No. 6 merely alludes to and is made to rest upon the fact

that the appellee Saxon Club had diligently prosecuted its *"construction program to construct* the improvements . . . prior to April 15th, 1957". The fact that the appellee Saxon Club had merely engaged in a *"program* to construct the improvements" prior to the date of the ordinance without any actual construction having been commenced prior thereto, does not bring such action of said appellee within the purview of this provision of the ordinance.

Confronted by comparable circumstances, this court and our Supreme Court have heretofore stated the law as follows:

> "Where it appears from the record that the court, in arriving at its decision, considered as established facts matters which were not sustained by the evidence . . . and misconstrued the principles of law bearing upon the issue, such decision is contrary to law. *Miller, etc.* v. *Ortman, etc. et al.* (1956), 235 Ind. 641, 136 N. E. 2d 17; *Wertzberger* v. *Herd* (1957), 128 Ind. App. 85, 140 N. E. 2d 771, 146 N. E. 2d 115. See: Acts 1903, ch. 193, §8, p. 338 (§2-3229, Burns' 1946 Repl.) ; Acts 1881 (Spec. Sess.), ch. 38, §420, p. 240 (§2-2401, Burns' 1946 Repl.)." *Superior Trailer Mfg. Corp.* v. *J. W. Scatterday, Inc.* (1962), 243 Ind. 473, 185 N. E. 2d 417, 422.

Judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Mote, C. J., Hunter, Kelley, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 142.