CASHMAN *v.* MCKEE ET UX.

[No. 19,923.   Filed October 8, 1964.]

*Hickam & Hickam*, of Spencer, and *Ralph R. Mc-Queen*, of Brazil, for appellant.

*John M. Baumunk*, of Brazil, for appellees.

CARSON, J.—This cause comes to us on appeal from the Clay Circuit Court. It was an action to quiet title to real estate. The issues were formed by the appellant's amended complaint to quiet title and the appellees' answer in two paragraphs, one of them being an affirmative paragraph asking that the appellees' title be quieted, and the appellant's reply.

The court found against the defendant-appellees on their counterclaim for damages, which question is not involved in this appeal, and against the plaintiff-appellant on his amended complaint, and for the defendant-appellees on their second paragraph of answer and quieted title in the appellees. Appellant filed a motion for new trial which motion was overruled, on which ruling the appellant based his assignment of errors.

The appellant assigned six grounds in his motion for new trial, but argued only 2, 3, 4 and 6, which read as follows:

"2.

The finding or the decision of the Court is not sustained by sufficient evidence."

"3.

The finding or the decision of the Court is contrary to law."

"4.

The Court erred in overruling plaintiff's motion to find for plaintiff on his complaint, after hearing the testimony of the two defendants, namely, Thomas (sic.) A. McKee and Frankie McKee, as to the signing and the execution of a deed delivered to plaintiff's grantor by the defendants."

We note that the appellees' have not filed a brief and the matter before us is without oral argument, therefore the decision must rest on the appellant's brief only. Previous decisions of the Supreme Court and this Court hold that in order to secure a reversal the appellant must demonstrate reversible error by his brief, and we shall therefore consider the appellant's brief and the errors assigned therein. *Sanderson* v. *Harshman* (1963), 135 Ind. App. 42, 191 N. E. 2d 528; *State ex rel. Board* v. *Stucker* (1953), 232 Ind. 76, 111 N. E. 2d 714.

We shall first consider point number three, "The finding and decision of the Court is contrary to law." In reviewing the evidence the following facts appear to substantially cover the evidence in the trial of this case: the defendants deeded fifty acres of real estate, including the real estate in question, by warranty deed to Frank Fiscus and Lizzie B. Fiscus, his wife, on the 14th day of March 1936; these parties as defendants' immediate grantees held title to the property for 24 years until the 23rd day of September, 1960, on which date Frank Fiscus, incompetent, by

Lewis Fiscus, Guardian, by order of the Green Circuit Court conveyed the property to the plaintiff herein; during the period of time that Frank Fiscus and Lizzie B. Fiscus held title to the property in question the defendants, Thomas A. McKee and Frankie McKee, his wife, farmed the 28 foot strip of land in dispute; this strip of land is part of the larger parcel of land, covered by the various deeds; the defendants' grantees Frank Fiscus and Lizzie B. Fiscus paid taxes on the strip of real estate in dispute during the period of their ownership, and the plaintiff-appellant paid the taxes during his period of ownership.

It is apparent from an examination of the cases heretofore decided by our Supreme Court and this Court that the defendant-appellees could not have acquired title adverse to the plaintiff-appellant unless they could tack on the period of time during which the title to the property was in Frank Fiscus and Lizzie B. Fiscus, the immediate grantees of the defendants and the immediate grantors of the plaintiff. *Smith et al.* v. *Brown et al.* (1956), 126 Ind. App. 545, 134 N. E. 2d 823; *Norling* v. *Bailey* (1951), 121 Ind. App. 457, 98 N. E. 2d 513.

The law is well established in this State that a grantor who has conveyed land by a valid warranty deed cannot acquire an interest adverse to his grantee unless he complies with certain specific conditions which have been established by the Supreme Court of Indiana and this Court. The most recent case of *Ft. Wayne Sm. & Ref. Wks.* v. *City of Ft. Wayne* (1938), 214 Ind. 454, 463, 14 N. E. 2d 556, cited with approval the case of *Tolley* v. *Thomas* (1910), 46 Ind. App. 559, 93 N. E. 181. In the latter case this Court in quoting from 1 R. C. L. 752, §76, **said:**

"But it is well settled that a grantor of land may originate a possession adverse to his grantee, and ▪ that such possession differs from that originated by a stranger only in requiring stronger proof to sustain it. The grantor must manifest his intention to hold adversely by some unequivocal act of hostility. As a rule, continued open and notorious possession by a grantor will be deemed to be adverse where it is of such a character as to be entirely inconsistent with the rights of the grantee. Thus the grantor's entry after conveyance must be deemed to be adverse where there is no evidence that he entered for or under the grantee, but where he acted in all respects as the sole owner, *making leases, receiving rents, paying taxes, improving the property, etc.*" (Our emphasis)

The facts in this case disclose that the original grantor, McKee, did nothing but farm the land which was contiguous to the land which he retained and was part of the land which he conveyed. He certainly fell far short of meeting those tests hereinabove set out.

We also call attention to the case of *Jeffersonville, Madison and Indianapolis Railroad Company* v. *Oyler* (1882), 82 Ind. 394, 400, where our Supreme Court said:

"Where the grantor remains in possession of the land granted, the law will not presume that his possession is against his deed. The reasonable and legal presumption is that such possession is with the permission of the grantee, and subordinate to and consistent with the grant."

It is our opinion that the finding and decision ▪ of the court below was erroneous and the same is reversed.

Judgment reversed.

Faulconer, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 498.