STILLABOWER *v.* FOSTER ET AL.

[No. 20,566.  Filed December 23, 1966.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John Carson,* of Indianapolis, for appellees.

SMITH, J.—The appellant in this appeal seeks relief from a negative judgment entered against him in the trial court.

The facts as they appear in the record are that George Foster, on August 4, 1959, executed various notes to the appellant, Harold Stillabower, and a mortgage upon certain personal property to secure payment of said notes. The mortgage was duly recorded; and five payments were allegedly made by George Foster before he defaulted in the payments due and owing on the mortgage debt.

In 1960, Mr. Foster sold the personal property, which he had mortgaged, to the defendant-appellees, Michael Carrolli and Yvonne Carrolli. The record is not clear whether the appellees had actual notice of the mortgage at the time of their purchase, however, the appellees were given constructive notice by the proper recording of the mortgage.

The appellant filed his amended complaint, an action in replevin, on July 30, 1962, which reads as follows:

"Comes now the plaintiff in the above entitled cause of action and files his amended complaint, and complains of the defendants, and each and all of them, and for cause of action alleges and says that this plaintiff is entitled to the immediate possession of the following described personal property, by reason of a chattel mortgage on the same, to wit:

Air-conditioner, bar and 10 bar stools, 9 tables and 7 chairs, 4 square booths, 1 booth, 15 feet long, register, refrigerator, walkin box, 2 kitchen tables, large beer cases behind bar, bar tanks, all neon signs and electric signs and any and all other equipment, furniture, chattels and fixtures located and situated at and in the Step-In Lounge located at 236 N. Illinois Street, York Hotel Building,

Indianapolis, Indiana, and all the furniture, household goods, chattels and personal property located at 2222 N. Harding Street, Indianapolis, Indiana.

2. That the reasonable value of said property is approximately Five Thousand Dollars ($5,000.00).

3. That said defendants, Michael Carrolli and Yvonne Carrolli, wrongfully and unlawfully obtained the possession of said personal property and unlawfully detains the same from this plaintiff, and that said defendants unlawfully and without right hold and detain the possession of said property from this plaintiff to his damage in the sum of Five Thousand Dollars ($5,000.00).

4. Plaintiff further says that said described property has not been taken for a tax, assessment or fine pursuant to statute; that the same has not been seized under an execution or attachment against the property of this plaintiff; that the estimated value of said property is Five Thousand Dollars ($5,000.00); that said property is held and detained by the defendants Michael Carrolli and Yvonne Carrolli, in Indianapolis, Marion County, State of Indiana.

5. That said personal property has allegedly been sold by the said defendant George Foster to the said defendants, Michael Carrolli and Yvonne Carrolli, and that at the time of said sale and for sometime prior thereto the said defendants, Michael Carrolli and Yvonne Carrolli, and their duly authorized agents, attorneys, and representatives knew of the existence of a chattel mortgage held by plaintiff against said defendant George Foster on said personal property; but that nevertheless the said defendant George Foster sold, assigned, transferred and gave over the said personal property to the said defendants, Michael Carrolli and Yvonne Carrolli, all three of them knowing of the existence of said chattel mortgage held by plaintiff.

6. That plaintiff by his attorney, William C. Erbecker, sent a written notice to the defendants, Michael Carrolli and Yvonne Carrolli, concerning said property.

7. That by reason of the premises plaintiff has been damaged in the sum of Five Thousand Dollars ($5,000.00).

WHEREFORE, plaintiff prays the Court for immediate possession of said personal property, damages in the sum of Five Thousand Dollars ($5,000.00) for the unlawful and illegal detention of the same, the costs of this action, and for all other further, proper and complete relief in the premises."

On November 24, 1965, trial was had without the intervention of a jury and a finding and judgment for the appellees was entered by the court on December 22, 1965.

The appellant assigns as error the overruling of his motion for a new trial, and specifically maintains that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

Before proceeding with our discussion of the merits of this case, it is necessary to point out that the appellees in this cause have failed to file an answer brief with our Court. In light of such failure, we need only determine whether or not the arguments presented by the appellant establish a prima facie case of error. If such error is found, then we may reverse the judgment of the trial court. *Board of Zoning Appeals of the City of New Albany* v. *Jacobs et al* (1963), 134 Ind. App. 665, 191 N. E. 2d 45, 46; *Sanderson et al* v. *Harshman et al* (1963), 135 Ind. App. 42, 191 N. E. 2d 528, 529.

The above rule has been established for the protection of this Court so that we might be relieved of the burden of controverting the arguments advanced for a reversal, where such burden rests upon the appellee. This rule is not for the benefit of the appellant. Its application is discretionary and dependent upon the appellant having made a prima facie showing of error in his brief. *Wilson* v. *Wilson* (1956), 126 Ind. App. 218, N. E. 2d 658.

The record in this case shows that summons was not served on George Foster. Thus, he was not a party in the trial below and was not a proper party on appeal. In an action to foreclose a mortgage, the mortgagor is an essential party unless he has parted with title to the property. Since George Foster has conveyed his interest in the property and no personal judgment is sought against him, he is not nor was he a necessary party to this action. *Aetna Life Insurance*

*Company, et al* v. *Stryker* (1906), 38 Ind. App. 312, 78 N. E. 245.

A properly recorded mortgage is constructive notice of its existence and contents to all who subsequently deal with the mortgaged property including subsequent purchasers. *Schmidt et al* v. *Zahrndt* (1897), 148 Ind. 447, 47 N. E. 14.

The appellant recorded the mortgage executed by George Foster on August 20, 1959, and thereby provided notice to the appellees that the fixtures in the Tavern they purchased were encumbered by a prior mortgage lien.

Having found that George Foster was not a necessary party and that the appellees had notice of the mortgage on the fixtures in the Tavern, we are aware of only one remaining basis for the trial court's decision, and that is that the appellant failed to allege a default in payments on the promissory notes described in the complaint.

In an action to recover possession of personal property claimed through a chattel mortgage, a complaint should not only allege that plaintiff has a chattel mortgage upon the property, but it should aver a non-payment or other breach of condition entitling the plaintiff to maintain the action for foreclosure of the mortgage. *Johnson et al* v. *Simpson* (1881), 77 Ind. 412.

We must decide whether a failure to allege a default in payments will overcome the rule that one who purchases property encumbered by a valid mortgage lien is liable to the person holding and owning such mortgage lien. Should the appellant suffer because his attorney improperly drafted the complaint?

The above question is answered for us by Burns Indiana Statutes, § 2-1068, which reads as follows:

"After trial and before final judgment, the court may, in its discretion and upon such terms as may be deemed proper for the furtherance of justice, order that any pleading be amended by correcting any mistake in name, description, legal effect, or in any other respect; or by inserting, strik-

ing out, or modifying any material allegation, in order that the pleadings may conform to the facts proved, where the amendment will not deprive a party of any substantial right."

This section allows the trial court to conform the pleadings to the facts, and Burns Indiana Statutes, § 2-3231, allows our Court to treat proven facts as alleged facts. Section 2-3231 reads as follows:

"No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance or imperfection contained in the record, pleadings, process, entries, returns, or other proceedings therein, which, by law, might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below. [Acts 1881 (Spec. Sess.), ch. 38, § 659, p. 240.]"

The appellant failed to allege a default in payments, but the record contains evidence of such. We deem the complaint to be amended to conform to the evidence found in the record, and also find that the trial court erred in overruling appellant's motion for a new trial.

Judgment reversed.

Bierly and Hunter, JJ., concur.

Mote, J., not participating.

NOTE.—Reported in 222 N. E. 2d 292.