# Staunton

Woody E. Crawford v. Bentley Hite, Administrator of Myrtle C. Cook, Deceased.

September 5, 1940.

Record No. 2257.

Present, All the Justices.

72

The opinion states the case.

*Harvey B. Apperson* and *Goddin & Hardy,* for the plaintiff in error.

*R. I. Roop* and *Bentley Hite,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

On the early morning of January 11, 1938, Mrs. Myrtle C. Cook, while walking along State Highway No. 8, near Blacksburg, in Montgomery county, was struck by a truck proceeding in the same direction and owned and operated by Woody E. Crawford. Shortly thereafter Mrs. Cook died of the injuries which she received and her administrator has recovered a verdict and judgment against Crawford which are before us for review.

The principal assignment of error is that the verdict is contrary to the law and the evidence; that the operator

of the truck was not guilty of negligence; and that Mrs. Cook was guilty of contributory negligence.

The accident occurred before sunrise. It was still dark, the atmosphere was foggy, and the ground was covered with about two and one-half inches of snow. Crawford had come upon the highway some distance south of the point where the accident occurred. He proceeded northwardly along the highway for the purpose of picking up a fellow workman, Busby Collins, who was supposed to be waiting for him on the side of the road. As Crawford proceeded northwardly along the highway in search of Collins, he passed Mrs. Cook who was walking with her daughter in the opposite direction. The daughter was carrying a torch. After having gone northwardly a short distance along the road, Crawford realized that he had passed Collins without seeing him. Accordingly, Crawford turned around and proceeded in the opposite direction, that is, southwardly and in the direction in which Mrs. Cook was walking.

Crawford testified that he was traveling at approximately twenty miles per hour along the middle of the road with the left wheels of the truck slightly to the east or left of the center of the road; that while both his headlights and marker lights were burning, the fog was so dense that he could not discern an object over fifteen or twenty feet from him; that he met the Cook daughter, who had left her mother and was returning towards her home in a northwardly direction, still carrying the light; that suddenly an object loomed up not over twenty feet ahead of him; that he touched his brake and the rear end of the truck started to skid to the right; and that almost immediately the left front fender and left front headlight struck Mrs. Cook who was walking ahead.

By the time Crawford had brought his truck to a stop and had alighted to render first aid to Mrs. Cook, Collins had reached the scene. It developed that he had seen the entire occurrence. Collins testified that when he first saw Mrs. Cook she was about thirty yards from him; that the

truck was about ninety yards further down the road and overtaking Mrs. Cook; and that as the truck approached her he realized her peril and called out a warning to her which apparently she did not hear. He also testified that Mrs. Cook was walking on the paved portion of the road and within four feet of the left or east side of the highway.

Other persons who arrived on the scene within five or ten minutes of the accident testified that a pedestrian could be seen on the road for a distance of seventy-five or one hundred yards.

Several witnesses testified that Crawford admitted that he did not see Mrs. Cook until his truck had struck her.

■ From this evidence we think the jury was warranted in finding that the operator of the truck was negligent. Admittedly he was driving with his left wheels on the wrong side of the road. He knew that he was overtaking Mrs. Cook who was walking along the road ahead of him. Although the visibility was very poor he did not once sound his horn to warn her of his approach.

While Crawford testified that the fog was so dense he could not have seen Mrs. Cook for a distance of more than twenty feet, there was other evidence from which the jury had the right to infer that he could have seen her at a much greater distance if he had been exercising a proper lookout.

Moreover, if he had been driving on the right side of the road he would have passed her safely for she was well on his left.

■ It is argued that in walking on the hard-surfaced portion of the road instead of on the shoulder, Mrs. Cook was guilty of contributory negligence which bars a recovery here. This contention is not sound. Even if it be conceded that she was guilty of negligence in walking on the pavement, this does not necessarily preclude a recovery because there was ample evidence to support the finding of the jury that the driver of the truck, by the exercise of ordinary care, could or should have seen Mrs. Cook in a position of danger and could have avoided running into her. In such a situation the jury had the right to find that the negligence

of the deceased was the remote cause and that of the driver was the sole proximate cause of the collision. See *Parker v. Norfolk Orange Crush Bottling Co.,* 175 Va. 249, 8 S. E. (2d) 301.

Plaintiff in error complains of the action of the lower court in admitting testimony that the members of the family of the deceased were in financial distress, that her husband was a helpless invalid and that one of their daughters was feeble-minded. It is argued that none of this evidence was material to any of the issues involved and that it was calculated to stimulate the sympathy of the jury and to cause them to bring in a verdict based on compassion for those who were entitled to share in the proceeds of the recovery.

These propositions are well settled in this State:

■ (1) In a suit for damages for personal injuries evidence of the financial condition of the plaintiff is not admissible. A person wrongfully injured is entitled to be compensated therefor regardless of whether he be rich or poor. *Washington-Virginia Ry. Co.* v. *Deahl,* 126 Va. 141, 150, 100 S. E. 840.

■ Likewise, in a personal injury suit it is improper to show that the plaintiff has a number of persons dependent on him. This is so because the amount recovered is the property of the injured person and the members of his family have no interest therein. *Southern Ry. Co.* v. *Simmons,* 105 Va. 651, 659, 55 S. E. 459.

■ (2) In an action for damages for wrongful death evidence of the pecuniary condition of the deceased and the members of his family is inadmissible for the purpose of proving the liability of the defendant or the *quantum* of the damages. This is so because the statute (Code, section 5787, as amended by Acts 1920, ch. 25, p. 26) gives a right of recovery to the personal representative of the deceased for the benefit of certain members of the family of the deceased, of damages in a sum not exceeding $10,000, regardless of whether the deceased or the members of his family are rich or poor. *Chesapeake & Ohio Ry. Co.* v. *Ghee's*

*Adm'x,* 110 Va. 527, 533, 66 S. E. 826; *Colonial Coal & Coke Co.* v. *Gass, Adm'x,* 114 Va. 24, 29, 75 S. E. 775.

■ (3) In an action for wrongful death the amount recovered belongs not to the plaintiff, the personal representative of the deceased, but to certain beneficiaries designated by statute. Therefore, it is proper to show who these beneficiaries are because they are really the interested parties. It has long been the practice in this State to show the number and ages of the children of the deceased. *Baltimore & Ohio R. Co.* v. *Sherman's Adm'x,* 30 Gratt. (71 Va.) 602, 608.

■ It is clear, we think, that in an action for wrongful death evidence of the physical condition of one or more of the beneficiaries is immaterial to the question of *liability or the quantium of the damages.* Such beneficiaries, whether weak or strong, are entitled to compensation for their loss. Besides, such evidence may excite the sympathy of the jury and divert their minds from the real issues of the case and may result in a verdict for the plaintiff when the result would have been otherwise if such evidence had been excluded.

■ But it is equally clear that in an action for wrongful death evidence of the physical disability of one or more of the beneficiaries is material to the question of the *apportionment of the damages.* The statute (Code, section 5787, as amended) places upon the jury the duty of apportioning the damages among the designated beneficiaries. In order that such apportionment may be intelligently made the jury is entitled to know the physical condition, the health, and the ages of the respective persons who may under the statute share in the proceeds of the recovery. Without such evidence it is difficult to see how an intelligent apportionment can be made. Moreover, unless such apportionment is to be made intelligently upon the consideration of pertinent evidence the statute itself might as well provide the manner in which the fund is to be distributed instead of leaving it to the discretion of the jury.

The Texas statute (Vernon's Ann. Civ. Stat., Art. 4677) places upon the jury the duty of apportioning the proceeds of a recovery in the same manner as the Virginia statute. The courts of that State hold that evidence of the physical condition of the designated beneficiaries is admissible for the purpose of aiding the jury in making an intelligent apportionment of the proceeds of the recovery. See *Texas Midland R. Co.* v. *Crowder,* 25 Tex. Civ. App. 536, 64 S. W. 90, 93; *International-Great Northern R. Co.* v. *Acker* (Tex. Civ. App.), 128 S. W. (2d) 506, 525.

Therefore, while the manner in which the damages are apportioned by the jury is no concern of the defendant (*Baltimore & Ohio R. Co.* v. *Wightman's Adm'r,* 29 Gratt. (70 Va.) 431, 441, 26 Am. Rep. 384; *Norfolk & Western Ry. Co.* v. *Stevens' Adm'r,* 97 Va. 631, 634, 34 S. E. 525, 46 L. R. A. 367), it is under the statute an important matter for the determination of the jury.

The question then arises, How should evidence of the physical disability of the beneficiaries which is admissible for one purpose and inadmissible for another be introduced before the jury?

Two courses are open to the trial court. On motion of counsel for the defendant it should instruct the jury that such evidence is admissible only for the purpose of aiding the jury in apportioning the damages and is not admissible on the question of liability or on the *quantum* of the damages. *Texas Midland R. Co.* v. *Crowder, supra.*

But evidence of the physical condition of one or more of the beneficiaries may be such as to stimulate the sympathy of the jury to such an extent that the rights of the defendant on the question of liability and the *quantum* of damages can not be safeguarded by an instruction. In this situation the trial court, if so requested by the defendant, should postpone the introduction of such evidence until after the jury has arrived at a verdict on the question of liability and the *quantum* of damages, if any.

This brings us to the question as to how these principles should be applied in the instant case.

 Complaint is first made that the lower court erred in permitting Slusser, a witness for the plaintiff, to testify that the members of the family of the deceased "were very poor people." Here the record shows that there was no objection to the admission of this testimony. It can not then be made the basis of an assignment of error. Rule 22.

Moreover, it clearly appears from the record that without objection other evidence of this character was offered by both the plaintiff and the defendant. Both interrogated witnesses as to the fact that the Cook family was receiving financial assistance from the county and that the deceased was, at the time of her death, engaged as a "Relief" worker. Manifestly, therefore, the admission of the particular evidence here complained of was not reversible error.

 Complaint is next made of the admission of testimony that the husband of the deceased was a hopeless invalid and that one of their children was feeble-minded. Counsel for the defendant objected to this testimony on the ground that it was inadmissible and immaterial to the issues involved, that is to say, that it should not go to the jury for any purpose whatsoever.

There was no motion that the jury be instructed that their consideration of this evidence should be limited only to the question of an apportionment of the amount of the recovery, nor was there any motion that the introduction of such evidence be deferred until the jury had decided the question of liability and the *quantum* of damages.

The only question presented to the court below was whether the testimony was admissible for any purpose. Since, as we have seen, it was admissible on some of the issues before the jury a general objection to its admissibility was properly overruled.

 Objection was also made to the admission of testimony that Edgar Cook, a son of the deceased, was shiftless and rarely stayed at home.

Such evidence was, we think, relevant in determining whether this son was entitled to share in the proceeds of the recovery. Obviously the jury so considered it for in

their verdict they excluded him from sharing in the proceeds. The testimony was not in any way prejudicial to the defendant below.

It is earnestly insisted that the court erred in granting Instruction A, which reads as follows:

"The court instructs the jury that it was the duty of the defendant to keep a reasonable lookout for persons and vehicles using the highway, and to keep his truck under proper control, and if the jury believe from the evidence that he failed to keep a reasonable lookout, and failed to keep his truck under proper control, and failed to drive on the right hand side of the center of the hard surface of the road, if it was practicable to do so at the time and place of the accident, and his failure to keep a reasonable lookout, or keep his truck under proper control, or drive the same on the right hand side of the center line of the hard surface of the roadway, if it was practical for him to do so, and that the failure in any one of these three duties were the sole proximate cause of the injury and the death of the plaintiff's intestate, then the jury shall find for the plaintiff in such sum as they may think proper, and not in excess of ten thousand dollars, the amount sued for."

First, it is said that this instruction directs a verdict upon a partial view of the evidence in that it fails to take in consideration the alleged contributory negligence of the deceased.

This contention, we think, is not sound. Manifestly the instruction was granted upon the theory that it was a jury question as to whether the negligence, if any, of the defendant was the "sole proximate cause" of the accident, despite the acts and conduct of the deceased. As we have already seen, there was ample evidence to support a verdict for the plaintiff on this theory.

Moreover, the issue of contributory negligence of the deceased was properly submitted to the jury in other instructions granted at the request of the defendant.

It is not necessary that we review in detail the other assignments of error. Each of these has carefully been con-

sidered. In our opinion the jury was fully and fairly instructed on the issues involved and no prejudicial error was committed by the court below. Accordingly, the judgment is

*Affirmed.*