NORLING ET AL. *v.* BAILEY ET AL.

[No. 18,123. Filed May 4, 1951. Rehearing dismissed June 19, 1951.]

458

*Peddicord & Peddicord,* of Hobart, for appellants.

*Strom & Spangler,* of Gary, for appellees.

WILTROUT, C. J.—Appellees by this action seek to quiet title to certain real estate and secure the immediate possession thereof.

Appellees and appellants own adjoining real estate. There is a fence which a recent survey shows to be about six feet south of the boundary line between their lands. The dispute between the parties involves the

ownership of approximately four acres between the fence and such boundary.

Appellants by their answer admit that the appellees are the record owners of the real estate described in the complaint, but allege that a portion thereof belongs to them by adverse possession.

The case was submitted to the court for trial, resulting in a finding and judgment for appellees.

Appellants rely entirely upon adverse possession and present no questions or contentions based upon the establishment of boundary lines by agreement or acquiescence.

We therefore must decide whether under the evidence the only conclusion the lower court could have legitimately reached was that appellants and their predecessors in title became the owners of the property by adverse possession.

There was no evidence as to the payment of taxes, and appellants rely upon a period of twenty years adverse possession prior to the Adverse Possession Act of 1927, Acts of 1927, ch. 42, p. 119; § 3-1314, Burns' 1946 Replacement; 4 Ind. L. J., 112, 321.

Here the record title is admittedly in appellees. Record title is the highest evidence of ownership and is not easily defeated. *Sheets* v. *Stiefel* (1947), 117 Ind. App. 584, 74 N. E. 2d 921; *Philbin* v. *Carr* (1921), 75 Ind. App. 560, 129 N. E. 19, 129 N. E. 706.

The facts relied upon as constituting adverse possession must be strictly proved. The proof must be clear, positive and unequivocal. *Coal Cr. Coal Co.* v. *Ch., T. H. & S. E. Ry. Co.* (1944), 114 Ind. App. 627, 53 N. E. 2d 179; *Philbin* v. *Carr, supra.*

The evidence before us which was submitted for the purpose of showing ownership in appellants by adverse

possession is regretably meager. Apparently the trial was not reported by the court reporter and only a scanty recital of the evidence appears in the bill of exceptions. We may not speculate as to what the facts actually are, but must decide the case upon the record before us.

Appellants offered and read in evidence a portion of an abstract which it was testified covered the land owned by them. The legal description in conveyances therein is for land immediately north of the land for which appellees have record title. There is a deed to Andrew P. Norling of an undivided one-half of this real estate, dated in 1873. There was testimony that Andrew P. Norling was the grandfather of appellant Lenora Norling Nelson. Other conveyances are shown in the abstract, but we cannot say, from the portion of the abstract in evidence that a chain of title is shown down to appellants.

Three witnesses, all of whom have lived on nearby farms for sixty-five years or more, testified that the fence bounding appellants' land on the south has been in the same location for over fifty years. There was further testimony that "the Norling family" had owned and occupied "these premises" in the same manner all these years; that the premises up to the fence had always been in the possession of "the Norling family"; that cattle were pastured inside this fence and that it was always considered the south line of the Norling farm.

There is no evidence as to what members of the Norling family were in possession of the premises up to the fence or how many members were in such possession during this time.

As stated in *Philbin* v. *Carr, supra:* "All the authorities agree that before the owner of the legal title can

be deprived of his land by another's possession, through the operation of the statute of limitations, the possession must have been actual, visible, notorious, exclusive, under claim of ownership, and hostile to the owner of the legal title and to the world at large (excepting only the government), and continuous for the full period prescribed by the statute. While this rule is not always stated in exactly the same words in all the thousands of cases dealing with this subject, nevertheless the rule is so thoroughly settled that there is no justification for the existence of a doubt as to what elements are essential to raise up a title by adverse possession." See also: *Abel* v. *Love* (1924), 81 Ind. App. 328, 143 N. E. 515; *Sheets* v. *Stiefel, supra.*

The principal question in this case is whether the adverse possession was continuous for the full period prescribed by statute, and whether there was privity between the successive adverse possessors.

The statutory period of possession need not be maintained by one person. Successive periods of adverse possession may be tacked if each of the successive adverse possessors claimed to hold and was in possession under his predecessor. There must be privity between such successive adverse possessors. *Cooper* v. *Tarpley* (1942), 112 Ind. App. 1, 41 N. E. 2d 640; 1 Am. Jur., Adverse Possession, §§ 151 to 158, pp. 879 to 884.

In this case the possession of "the Norling family" did cover the statutory period and one of the appellants who is now in possession of the land is a granddaughter of Andrew P. Norling. How long Andrew P. Norling or appellant Lenora Norling Nelson were in possession of the real estate, or what other members of the Norling family were in possession at any particular time is not shown. Neither is it

shown that all the successive occupants of the property during the statutory period received their possession by some act of their predecessor or by operation of law. We conclude that the necessary privity is not shown by the evidence before us.

Judgment affirmed.

Achor, J., not participating.

NOTE.—Reported in 98 N. E. 2d 513.

## ON PETITION FOR REHEARING

WILTROUT, J.—Appellants on May 23, 1951, and within the time allowed for doing so, filed their petition for a rehearing. At no time has proof of the service of a copy of the petition been filed.

Appellees have filed their motion to dismiss the petition, and therein state that a copy of the petition was served on them, but that the service was some seven days after the time allowed for filing a petition for rehearing.

It was formerly held that no notice of the filing of a petition for rehearing was necessary. *Hanley* v. *Mason* (1908), 42 Ind. App. 312, 85 N. E. 381, 732. Prior to 1943, Rule 2-13 of the Rules of the Supreme Court provided that, "Notice to the party affected shall be given of all motions and petitions, except petitions for rehearing . . ." But in 1943, this rule was changed so as to eliminate the exception as to petitions for rehearing. It now reads:

> "Within the time allowed for filing motions and petitions, and briefs in support thereof, copies shall be served upon the parties affected, or their attorneys of record, and proof of such service shall be made at the time of filing or promptly thereafter."

463

Proof of service of the copy of the petition not having been made as required by Rule 2-13, the petition for rehearing is dismissed.

NOTE.—Reported in 99 N. E. 2d 439.