JACK WOODS *v.* STATE OF INDIANA.

[No. 3-672A16. Filed October 24, 1972.]

*Jerome E. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

SHARP, J.—The Defendant-Appellant, Jack Woods, was charged by affidavit with the offense of First Degree Burglary under IC 1971, 35-13-5-4, Ind. Ann. Stat. § 10-701(a) (Burns 1956 Repl.). The jury found the Defendant guilty as charged and the trial court rendered judgment on the verdict and sentenced the Defendant for an indeterminant period of not less than ten (10) years nor more than twenty (20) years. The

trial court overruled Defendant's Motion to Correct Errors, the grounds of which were that the verdict was not supported by sufficient evidence and was contrary to law. The overruling of said motion is the only error presented for review by this appeal.

The Defendant bases his contention that the verdict is contrary to law on the premise that the verdict is not sustained by sufficient evidence. Both sides, therefore, have treated the two specifications as one and we will do likewise. In reviewing the allegation of insufficient evidence, this court may not weigh evidence nor resolve questions of credibility. We may look only to that evidence and the reasonable inferences therefrom most favorable to the State and in support of the verdict below. *Smithhart* v. *State* (1971), 256 Ind. 533, 270 N. E. 2d 740; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. As long as there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt, the conviction will be affirmed. *Jackson* v. *State* (1971), 255 Ind. 289, 375 N. E. 2d 538; *Johnson* v. *State* (1972), 152 Ind. App. 104, 281 N. E. 2d 922.

A consideration of the evidence most favorable to the State and the judgment below reveals that Jerry and Judi Pownall resided at 7014 Leo Road (Highway 427), Fort Wayne, Indiana, in a house owned by a Mr. and Mrs. Lesauski. On October 10, 1970, at approximately 12:00 A.M., Mrs. Pownall was returning home and as she slowed down to turn into her driveway she noticed a truck parked in said driveway and three negro men, including the defendant, carrying her color console television set out of the house and placing it in the truck.

Mrs. Pownall continued on past her house to another house where she called her father-in-law and the Sheriff. She then drove back and parked her car across the driveway to block the exit of the truck. When her father-in-law, Jack Wilson,

arrived at the next corner Mrs. Pownall let the truck out and took down the license number. Mr. Wilson continued to delay the truck as his car stalled at the corner. The truck pulled around the stalled car and continued on. Jack Wilson followed the truck for a considerable distance, several times stopping quickly to inform strangers of the situation and to have them call the police. At one point Mr. Wilson observed one of the occupants push a stereo set off the back of the truck. He finally gave up the chase when a City Police car caught up with him and proceeded after the truck.

The Police finally stopped the truck and arrested James Hall, Jr., the only occupant left in the truck at the time. Subsequently a blue Cadillac was stopped on Washington and was occupied by the Defendant among others. Upon request, the Defendant, along with the other two occupants of the car, voluntarily went to the County Jail, where Mrs. Pownall identified the Defendant as one of the three burglars.

James Hall, Jr., an accomplice, testified that he, Danny Shield, and the Defendant broke into the Pownall home on October 30, 1970, and carried out a television set, a mink stole, a chair, and other property. At the time of trial, Hall was serving a sentence for theft and also for parole violation because of association with Defendant.

At the Pownall home there was a pry mark near the lockset on the front door, and the striker plate was found lying on the doorstoop.

Defendant contends that he was convicted upon the uncorroborated testimony of an accomplice. Defendant argues that absent the testimony of the accomplice there is no evidence that the Defendant broke and entered the Pownall residence. Our Supreme Court has repeatedly held that an accomplice may be a competent witness and that the testimony of an accomplice, even if uncorroborated, is sufficient to sustain a verdict. *Stone* v. *State* (1972), 258 Ind. 435, 281 N. E. 2d 799; *Martin* v. *State* (1972), 258

Ind. 83, 279 N. E. 2d 189; *Aikins* v. *State* (1971), 256 Ind. 671, 271 N. E. 2d 418.

In addition to the above rule, it should be noted that the testimony of the accomplice-witness was not entirely uncorroborated. The accomplice testified that he, another person and the Defendant broke into the Pownall home on October 30, 1970 and carried out a television set plus other property. Mrs. Pownall testified that she saw three negro men, one of whom she later identified as the defendant, carrying her color console television set and placing it in a truck. Also, there were pry marks near the lockset on the front door and the striker plate was found lying on the doorstoop. This evidence, taken in conjunction with the testimony of the accomplice was sufficient to establish and support the conviction in this case. We hold that the evidence most favorable to the State in this cause clearly supports the verdict of the jury.

The judgment of the trial court is, therefore, affirmed.

Hoffman, C.J., and Staton, J., concur.

NOTE.—Reported in 288 N. E. 2d 191.