HOMER BURRUS *v.* RAYMOND SILHAVY AND JOSEPH SILHAVY JR.

[No. 3-872A47. Filed March 21, 1973.]

*Philip M. Cagen, Cagen & Tsoutsouris,* of Valparaiso, *Lowell E. Enslen, Peters, McHie, Enslen & Moran,* of Hammond, for appellant.

*Winfield L. Houran, William F. Satterlee, III, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, *Lester L. Wilson,* of Winamac, for appellees.

STATON, J.—STATEMENT ON THE APPEAL: Homer Burrus received a Five Thousand Dollar ($5,000.00) judgment at the conclusion of a court trial for personal injuries sustained in an automobile collision. Feeling that the $5,000.00 judgment

was inadequate damages, he filed a motion to correct errors which was granted by the Porter Superior Court. The Silhavys filed a motion for change of venue from the county and the cause was venued to the Pulaski Circuit Court. Prior to the second trial, the Silhavys filed a "motion in limine" which sought a protective order regarding the mentioning of a $7,000.00 payment made to Burrus by the Continental National Insurance Group. This "motion in limine" was granted. Upon the conclusion of a second trial by jury, the verdict was returned for the Silhavys and against Burrus. Burrus received a negative judgment at the conclusion of the second trial. He filed his motion to correct errors which raises these issues for our consideration:

1. Does the State of Indiana recognize the use of a "motion in limine"?
2. Did the trial court commit reversible error in granting the "motion in limine"?

A trial court has the inherent power to admit or exclude evidence. A "motion in limine" is a necessary adjunct to the inherent power of a trial court to exclude inadmissible and prejudicial evidence before and during trial. The granting of such motions may necessitate the issuance of protective orders which will assure a fair and impartial administration of justice. The record does not reveal any error committed by the trial court when it sustained the Silhavys' "motion in limine." In our opinion which follows, we hold that "motions in limine" are recognized as a part of the procedural practice in the State of Indiana and that the trial court did not commit reversible error when it granted the Silhavys' "motion in limine." We affirm the judgment of the trial court.

STATEMENT OF THE FACTS: Burrus tried his first personal injury action in the Porter Superior Court without a jury.[1] The trial court rendered a judgment in Burrus' favor

---

1. Raymond Silhavy was joined as a codefendant upon the theory of *respondeat superior*.

for $5,000.00, but Burrus filed a motion to correct errors alleging that the recovery was inadequate. The motion was sustained and a new trial granted. The Silhavys filed a motion for change of venue from the county and the cause was venued to the Pulaski Circuit Court.

Prior to the commencement of the second trial, the Silhavys filed a "motion in limine" seeking a protective order from the trial court which would prevent Burrus, his counsel and witnesses from mentioning anything concerning a $7,000.00 payment made by Continental National Insurance Group. The "motion in limine" read as follows:

> "Come now the defendants, in the above-entitled case, before trial and selection of a jury, to move the Court in Limine to instruct the plaintiff and all its counsel and witnesses, as set forth below, on the following grounds:
>
> "That William Ward as a representative of Continental National American Group, made a prepayment of Seven thousand ($7,000.00) Dollars under its co-operative claim program, to the plaintiff, Homer Burrus, through his attorney, Philip M. Cagen, That the prepayment was not made as a loan agreement nor was there any written agreement to reimburse Continental National American Group, nor was there any other condition attached to the prepayment.
>
> "1. It is immaterial to this suit whether or not plaintiff received certain prepayment benefits from Continental National American Group and the allowance of the prepayment or any facts pertaining thereto would be prejudicial to the defendants.
>
> "2. Were any of the above facts made known to the jury, it would be highly improper and prejudicial to defendants, even though the Court were to sustain an objection and instruct the jury not to consider such facts for any purpose. In all probability any such attempt on the part of counsel for the plaintiff or its witnesses would result in a costly mistrial.
>
> "WHEREFORE, plaintiff (sic) respectfully requests the court to instruct the plaintiff and its counsel and witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the above-mentioned facts without first obtaining permission of the court outside the presence and

hearing of the jury, and further to instruct the plaintiff and all its counsel and witnesses not to make any reference to the fact that this motion has been filed and granted and to warn and caution said individuals and persons to follow these same instructions strictly."

The cause was tried by jury and a verdict was rendered in favor of the Silhavys. Burrus had received a negative judgment at the conclusion of the second trial and filed his motion to correct errors which was overruled. The issues raised by the overruling of this motion are set forth below.

STATEMENT OF THE ISSUES: Homer Burrus' motion to correct errors raises these issues for our consideration on appeal:

1. Does Indiana recognize the use of a "motion in limine"?
2. Did the trial court commit reversible error in granting the "motion in limine"?

A "motion in limine" will be defined and its purpose explained before discussing either of the above issues which will be designated ISSUE ONE and ISSUE TWO in the STATEMENT ON THE LAW section of our opinion which follows.

STATEMENT ON THE LAW: What is a "motion in limine"? Literally, "in limine" means "On the threshold; at the outset." BALLENTINE, BALLENTINE'S LAW DICTIONARY 628 (1969). See also 2 BURRILL, LAW DICTIONARY 55 (1871) and CALLAGHAN, CYLOPEDIC LAW DICTIONARY 557 (1940). A "motion in limine" is a term used to describe a written motion which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements. Its purpose has been succinctly expressed in *Bridges* v. *City of Richardson* (1962), 163 Tex. 292, 354 S.W.2d 366, 367:[2]

---

2. The practice of using motions in limine is apparently well established in the State of Texas and has been suggested elsewhere. See *Crawford* v. *Hite* (1940), 176 Va. 69, 10 S.E.2d 561; *Cook* v. *Philadelphia Transportation Co.* (1964), 414 Pa. 154, 199 A.2d 446; *Liska* v. *Merit Dress Delivery Inc.* (1964), 43 Misc.2d 285, 250 N.Y.S.2d 691.

"The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach. . . ."

Its effect has been to shorten the trial, simplify the issues and reduce the possibilities of a mistrial.

ISSUE ONE:

Does Indiana recognize the use of a "motion in limine"? Homer Burrus' contention is stated in his brief as follows:

"The motion before the Court purported to afford the same effect as a Motion to Suppress Evidence in a criminal case.
"It is our contention that there simply is no such motion in a civil action."[3]

A "motion in limine" is not a creature of statute nor is it found in the Indiana Rules of Procedure. The authority of the trial court to entertain a "motion in limine" emanates from the inherent power of the trial court to exclude or admit evidence in the furtherance of its fundamental constitutional purpose which is the administration of justice. This fundamental constitutional purpose is explained in *Knox County Council v. State ex rel. McCormick* (1940), 217 Ind. 493, 498, 29 N.E.2d 405, 407:[4]

---

3. Although a "motion in limine" has never been officially recognized in Indiana, two recent cases have given tacit approval of the use of a pretrial motion to exclude prejudicial evidence. See *Gasaway v. State* (1967), 249 Ind. 241, 245-156, 231 N.E.2d 513; *Troxel v. Otto* (1972), 153 Ind. App. 437, 287 N.E.2d 791, 794.

4. The inherent power to administer justice has even been held to give the trial court the power to order, upon its own motion, the remodeling of the jury quarters of the Vanderburg Circuit Court, *Woods v. State* (1954), 233 Ind. 320, 119 N.E.2d 558, and to provide adequate personnel for the court, *Noble County Council v. State ex rel. Fifer* (1955), 234 Ind. 172, 125 N.E.2d 709.

". . . The Constitution of this state vests the judicial power in the courts. The judiciary is an independent and equal coordinate branch of the government. Courts were established for the purpose of administering justice judicially, and it has been said that their powers are coequal with their duties. In other words, they have inherent power to do everything that is necessary to carry out the purpose of their creation."

A "motion in limine" is a necessary adjunct to the trial court's inherent power to admit and exclude evidence. The trial court may issue protective orders against prejudicial questions or statements which could be uttered before a jury and thereby prevent a fair and impartial jury trial. As stated in Davis, *Motions in Limine*, 15 CLEV.-MAR. L. REV. 255, 256-57 (1966) :

"If prejudicial matters are brought before the jury, no amount of objection or instruction can remove the harmful effect, and the plaintiff is powerless unless he wants to forego his chance of trial and ask for a mistrial. Once the question is asked, the harm is done. Under the harmless error rule many of these matters would probably not be reversible error even though they have a subtle but devastating effect on the plaintiff's case.

"Perhaps the greatest single advantage to a motion *in limine* is not having to object in the jury's presence to evidence which is 'logically relevant.' Jurors cannot be expected to understand why they should not be allowed to consider *all* evidence which is related to the case, and will usually resent the fact that an objection kept them from hearing it.

"Another advantage in the use of these motions is to allow the trial judge an opportunity to study the question and the authorities involved. If presented in advance of trial with a brief and with the time to study it, the court will be more inclined to grant the motion.

\* \* \*

"The power of the trial court to grant such a motion is inherent in its right to admit or exclude evidence and will probably not be specifically mentioned in the procedural rules. . . ."

"Motions in limine" are a part of the Indiana practice. The trial court's authority to entertain "motions in limine" emanates from its inherent power to admit and exclude evidence. This inherent power to exclude extends to prejudicial questions and statements that could be made in the presence of a jury and thereby interfere with fair and impartial administration of justice.

ISSUE TWO:

Did the trial court commit reversible error in granting the "motion in limine"?

The thrust of Homer Burrus' argument upon the second issue is premised upon an erroneous ruling by the trial court. Assuming *arguendo* that a trial court can entertain a "motion in limine," Homer Burrus contends that the sustaining of the motion was error since the excluded statements constituted an admission against interest on the part of the Silhavys.

The transcript is comprised of nine pages. Only the "motion in limine" refers to the circumstances of the $7,000.00 payment to Homer Burrus. The motion represents that:

1. A representative of the Continental National American Group made a payment of $7,000.00 to Homer Burrus;
2. The payment was not a loan;
3. There was no written agreement to reimburse Continental National American Group.[5]

---

5. The Silhavys indicate in their brief that the payment of $7,000.00 was made under a cooperative claim program, but this does not appear in the record. We have not discussed the treatment of the payment as a settlement or compromise since this is not suggested from the record. 15A C.J.S. *Compromise and Settlement* § 22 (1967). It should be noted that Indiana has a statute regarding such payments. This is IC 1971, 34-3-2.5-1; Ind. Ann. Stat. § 2-1734 (Burns 1972 Supp.), reading as follows:

"In any action brought to recover damages for personal injuries, wrongful death or property damage [,] no payment made by the defendant or the defendant's insurance company to or for the plaintiff or any other person, hereinafter called an 'advance payment,' shall be construed as an admission of liability by any person. Except as provided in section 2 [§ 2-1735] of this chapter, evidence of such pay-

Nothing in the record discloses that the Continental National American Group was acting as an agent of the Silhavys. Continental National American Group is not a party to the action nor is there anything in the record which would impute their conduct to the Silhavys.

We cannot consider any matters outside the record. The record filed with this court fails to disclose any suggestion of error. Homer Burrus has waived the error urged in his brief by presenting a record totally unrelated to his argument. *Norling* v. *Bailey* (1951), 121 Ind. App. 457, 98 N.E.2d 513; *Connor* v. *Jones* (1945), 115 Ind. App. 660, 685, 59 N.E.2d 577; *Wayne Works* v. *Hicks Body Co.* (1944), 115 Ind. App. 10, 55 N.E.2d 382.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

ment shall not be admissible during the trial for any purpose by either plaintiff or defendant: Provided further, That this chapter [§§ 2-1734—2-1736] shall not apply to actions in which there is more than one defendant."