JOSEPH L. HARTWELL *v.* STATE OF INDIANA.

[No. 3-274A36.  Filed December 10, 1974.]

*James P. Dunn,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—On March 2, 1973, defendant-appellant Joseph L. Hartwell was charged by affidavit with the crime of first degree burglary as defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956), which provides, in pertinent part, as follows:

> "(a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Following trial before a jury, Hartwell was found guilty as charged and was ordered committed to the Indiana Department of Corrections for a period of not less than ten nor more than twenty years. It was also ordered that he pay and satisfy costs taxed by the trial court. Thereafter, appellant's motion to correct errors was overruled and the instant appeal was perfected.

An examination of the evidence most favorable to the State discloses that on the afternoon of December 21, 1971, John Keel, Paul Marckel, John Dutt, Jr. and appellant herein met at appellant's home in Fort Wayne, Indiana, to plan a burglary. A careful perusal of the obituary notices in the newspaper informed them that Lula Roberson, whose residence was located at 525 Riverside Drive in Fort Wayne, had passed away and was to be buried the following day, December 22, 1971.

Defendant and his accomplices surmised that a house such as this would probably be vacant thereby decreasing their

chances of being apprehended. On the morning of December 22, 1971, the above-named individuals broke into the Roberson residence and absconded with a large quantity of personal property. Intermingled with Roberson's property were certain goods belonging to one Burl McClain who, at the time of Roberson's death, also resided at 525 Riverside and was to marry Lula Roberson on December 22, 1971. McClain testified that he had been living in the Roberson house for approximately ten months and as consideration for his companionship and protection, was allowed to board without rent.

Paul Marckel testified that on the night of the burglary, the four men returned to the Hartwell residence where several photographs were taken of various members of the group. These photographs were admitted at trial as State's Exhibits Nos. 1 through 4. Marckel identified numerous items pictured in the photographs as having been taken from the residence at 525 Riverside Drive. John Dutt, Jr. also identified State's Exhibits Nos. 10 through 23 as items which had been removed from the same residence on December 22, 1971.

Burl L. McClain, Roberson's daughter Alene Pollas, and Roberson's granddaughter Sharon Anagosti also identified certain of the State's exhibits previously mentioned as having been stolen from the Roberson residence.

The first issue to be considered is whether the trial court erred in giving State's Instructions Nos. 5 and 7. Appellant contends that the giving of State's Instructions Nos. 5 and 7 was erroneous in that the jury was thereby denied its exclusive right to determine the guilt or innocence of appellant. Said instructions read as follows:

## "INSTRUCTION NO. 5

"The Court further instructs you that while it is the law that every person charged with the commission of a crime is presumed to be innocent until his guilt is established beyond a reasonable doubt, yet if the evidence is

so strong and conclusive as to overcome the presumption of innocence you should convict. While it is necessary that every essential element of the crime charged in the affidavit in this case should be proven by evidence beyond a reasonable doubt, it is not necessary that each incidental or subsidiary fact should be proven beyond a reasonable doubt Evidence should not be considered in fragmentary parts or as if each fact or circumstance stood apart from the others, but the entire evidence should be considered and the weight of evidence should be determined from the whole body thereof."

## "INSTRUCTION NO. 7

"The Court further instructs you that you should not indulge in purely speculative doubts, and the bare possibility that the defendant may be innocent does not raise a reasonable doubt. The question of defendant's guilt must be determined by each of you in view of your obligation to act honestly and fairly in weighing the evidence and reaching a decision which your oaths impose."

Instruction No. 5 is a correct statement of the law. In *Ringham* v. *State* (1974), 261 Ind. 628, 308 N.E.2d 863, at 867, in regard to a similar interpretation, it is stated:

"It is proper for a court to instruct a jury that every material element of the crime charged should be proved beyond a reasonable doubt. However, this doctrine has no application to every incidental or subsidiary fact. It is the evidence in its entirety which is to be weighed and considered as to whether or not as a whole the evidence has established every material element of the crime charged beyond a reasonable doubt. 8 I.L.E. Criminal Law § 343." See also: *Fuller* v. *State* (1973), 261 Ind. 376, 304 N.E.2d 305.

Appellant asserts that Instruction No. 7 imposes a burden upon him to introduce evidence in order to create a reasonable doubt in the minds of the jury.

In expressing the idea that a reasonable doubt requires more than "purely speculative doubts" or a "bare possibility", Instruction No. 7 is a correct statement of the law. *Pfeifer* v. *State* (1972), 152 Ind. App. 315, 283 N.E.2d 567; *Cravens; Gross* v. *State* (1971), 257 Ind. 381, 275 N.E.2d 4.

Appellant's argument that a burden was imposed upon him by the instruction is without merit.

The next issue presented is whether the trial court erred in modifying defendant's Instruction No. 6 and in refusing defendant's tendered Instruction No. 8.

Defendant's Instruction No. 6, prior to modification, read as follows:

> "You are instructed that the unexplained exclusive possession in the defendant of recently stolen goods is a circumstance which may be considered along with other facts and circumstances of the case, in determining the guilt or innocence of the accused. However the mere possession of stolen goods, if it be a fact, standing alone, is insufficient to support a conviction of burglary.
>
> "The defendant cannot be convicted of burglary on the basis of evidence of mere possession of stolen goods alone.
>
> "The state must prove the offense charged (burglary) and not some other offense such as receiving stolen goods, or theft which are separate and distinct crimes and not a part of burglary.
>
> "The defendant has no burden to account or explain his possession if in fact he had possession of such stolen property."

Instruction No. 6 was modified by deleting the following:

> "The defendant cannot be convicted of burglary on the basis of evidence of mere possession of stolen goods alone.
>
> "The defendant has no burden to account or explain his possession if in fact he had possession of such stolen property."

Aside from the deleted sentences, the instruction states that the mere possession of stolen goods cannot, in itself, sustain a conviction of burglary. The deleted passages, in substance, address themselves to the same point.

Defendant's tendered Instruction No. 8 as to reasonable doubt was adequately covered by State's Instructions Nos. 3, 4, 5 and 7. The failure to give a tendered instruction is not error unless the refused instruction is not covered by other proper instructions given. *Fuller*

v. *State, supra; Hash* v. *State* (1972), 258 Ind. 692, 284
N.E.2d 770; *DeBoor* v. *State* (1962), 243 Ind. 87, 182 N.E.2d
250; *Dossett* v. *State* (1974), 159 Ind. App. 446, 307 N.E.2d
286.

The next issue to be considered is whether the trial court
erred in permitting witnesses to testify as to other offenses
ostensibly involving appellant.

The testimony in dispute reveals that the camera which
was used to take photographs at the Hartwell residence fol-
lowing the burglary in question was obtained in a prior bur-
glary. It must be concluded that the trial court erred in
allowing such testimony over the defendant's objections. Pre-
sumably, the State was attempting to establish "permissible
grounds of common pattern, or purpose, motive and intent."

In *Fenwick* v. *State* (1974), 159 Ind. App. 311, at 315, 307
N.E.2d 86, at 89-90, this court prescribed the following
guidelines for admitting evidence of prior offenses:

> "The general rule in Indiana is that evidence of con-
> duct which shows or tends to show that the defendant
> committed a crime separate and distinct from the
> crime for which he is charged is irrelevant and
> inadmissible. However, several well-established
> exceptions have been recognized. Evidence showing such
> separate crimes is admissible if the purpose for its intro-
> duction is to show intent, motive, identity, guilty knowl-
> edge, or a common scheme or plan. Van Deveer v. State
> (1971), 256 Ind. 509, 269 N.E.2d 865; Zimmerman v. State
> (1921), 190 Ind. 537, 130 N.E. 235. 'It is the probative
> value of such evidence to prove the crime charged that
> makes the evidence admissible and not the fact that it
> proves or tends to prove the defendant guilty of other
> crimes.' Smith v. State (1939), 215 Ind. 629, 21 N.E.2d
> 709. These rules apply without regard to whether the chal-
> lenged evidence relates to conduct occurring prior or sub-
> sequent to the offense charged. United States v. Hampton
> (1972), 7th Cir., 457 F. 2d 299, cert. denied, 409 U.S. 856,
> 93 S.Ct. 136, 34 L.Ed.2d 101; Grimes v. State (1972), [258
> Ind. 257], 280 N.E.2d 575." See also: *Schnee* v. *State*
> (1970), 254 Ind. 661, 662, 262 N.E.2d 186, 187.

A careful examination of the record reveals that the State made no attempt to place the prior offense in context, *viz.*, when was the crime committed, where was it committed, who was the rightful owner of the camera, etc.? Moreover, failure to so place a prior offense in context negates all possibility of establishing the requisite purposes of "intent, motive, identity, guilty knowledge, or a common scheme or plan." However, not only has defendant failed to sustain his burden of affirmatively showing in what manner this error was prejudicial to his cause, *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339; but in view of the overwhelming testimony of guilt the erroneous admission does not constitute an "evidentiary harpoon" which would warrant reversal. *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312; *Maynard* v. *State* (1973), 158 Ind. App. 260, 302 N.E.2d 520.

Appellant next argues that Marckel should not have been permitted to testify with regard to a prior burglary which occurred on the same day as the burglary in question. The testimony in question is as follows:

"Q. What was your purpose in picking out names out of the obituary column?

"A. To find a house that there was nobody living in that we could burglarize, or we thought there was nobody living in.

"Q. Was one of the houses you found 525 Riverside, Fort Wayne, Allen County, Indiana?

"A. Yes, sir, it was.

"Q. What did you do on the afternoon of the 21st of December, 1971, after looking at the obituary column?

"A. We drove by Riverside to look at the house to see if it looked empty. We drove by another one in New Haven to see if it was empty.

"Q. Where was the one in New Haven?

"A. The street I'm not sure of, sir.

"MR. DUNN: I object to testimony of other crimes or possible crimes. That is not the—uh, what we're on trial for is what happened at 525 Riverside.

"MR. FRYBARGER: Your Honor, if it please the Court, I'd like to speak to that objection.
"THE COURT: Objection overruled."

Although it was established that the New Haven residence was only "cased", the prosecuting attorney later referred to the "New Haven burglary". Regardless of the fact that defendant failed to object to the latter reference to the "New Haven burglary", it must be concluded that the nearness in time and the similarity of burglarious pattern suffice to place such evidence within the exception of the general exclusionary rule of prior offenses. *Fenwick* v. *State, supra; Hamp* v. *State* (1973), 156 Ind. App. 104, 294 N.E.2d 817; *Harms* v. *State* (1973), 156 Ind. App. 123, 295 N.E.2d 156.

Appellant further asserts that the following exchange which took place during redirect examination of State's witness Officer William Reinbold, placed him in "grave peril to which he should not have been subjected".

"Q. Now, Officer Reinbold, I'll ask you to look at State's Exhibit Number 3, and tell the Court, if you will, what that depicts.
"A. This is a picture of Trudy Hartwell. There's evidence in this picture of two deceased house burglaries."

The trial court sustained an objection by defendant to the foregoing testimony and admonished the jury to disregard Reinbold's unsolicited testimony. In light of the court's prompt admonishment to the jury and in view of the substantial evidence of guilt, it must be concluded that the error complained of did not contribute to the verdict obtained. *Sankey* v. *State* (1973), 157 Ind. App. 627, 301 N.E.2d 235; *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387.

The next issue to be considered is whether the trial court erred in denying appellant's motion to suppress certain photographs which were developed from negatives removed by the police from a residence previously vacated by the Hartwells.

While State's Exhibits Nos. 1, 3, 4, 5, 6, 7, 8 and 9 were admitted into evidence over defendant's objections as to their materiality, it is asserted on appeal that they were the product of an illegal search and seizure. In *Cooper* v. *State* (1972), 259 Ind. 107, at 111, 284 N.E.2d 799, at 801, it is stated that "[a] party cannot change or add to his objections or the grounds thereof in the reviewing court." Accordingly, it must be concluded that appellant waived any objections to the admissibility of the photographs.

The final issue presented for review is whether appellant's conviction is supported by sufficient evidence.

When questions with regard to the sufficiency of evidence are raised on appeal, this court will neither weigh the evidence nor determine the credibility of witnesses. Only the evidence most favorable to the State will be considered together with all reasonable inferences to be drawn therefrom. Then, if there is substantial evidence of probative value to establish the material elements of the crime beyond a reasonable doubt, the verdict will remain undisturbed. *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E. 2d 656; *Maynard* v. *State, supra*.

The crux of appellant's argument is that if the sum total of the evidence is diminished by the testimony of the accomplices, the remaining evidence is insufficient. However, appellant's formula must fail since Dutt and Marckel are competent witnesses. See: IC 1971, 35-1-31-3, Ind. Ann. Stat. § 9-1603 (Burns 1956); and their testimony, if believed, is sufficient to sustain a conviction. *Woods* v. *State* (1972), 153 Ind. App. 521, 288 N.E.2d 191; *Shepherd* v. *State* (1970), 254 Ind. 404, 260 N.E.2d 563; *Turner* v. *State* (1972), 258 Ind. 267, 280 N.E.2d 621. Appellant has presented this court no method by which the jury's verdict could be disturbed other than by reweighing the evidence or determining the credibility of witnesses. This is, of course, not a function of a reviewing tribunal.

No reversible error having been shown, the judgment of conviction appealed from is affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 321 N.E.2d 222.