Stanford EMORY, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 480S91.

Supreme Court of Indiana.

May 19, 1981.

David O. Givens,* Mount Vernon, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PIVARNIK, Justice.

After a trial by jury Stanford Emory was found guilty of attempted murder, a class A felony on August 17, 1979. He was sentenced to twenty years imprisonment. He appeals.

He raises four allegations of error for our review concerning the granting of the State's Motion in Limine and the giving of instructions.

Mary Ann Adams lived in Mt. Vernon, Posey County, Indiana, and knew Stanford Emory. She traded at the filling station where he worked. In January of 1979, he had changed a tire for her and followed her home with a hub cap he neglected to put on her car. On June 1, 1979, around 9:30 p. m., Stanford Emory came to her home, knocked on the door and she let him in. They had a casual conversation. Miss Adams asked Emory what time it was and told him she had to leave around 10:00 p. m. He asked to use the bathroom and came out holding a gun. He told her that he wanted her "in there" and gestured toward the bedroom. She began to back away and as she turned she was shot. She then turned back, spoke with him and then turned once again to leave and was shot again. She went out the front door and told him she was "hurting." He ran out of the front door and out into the street. Miss Adams called her sister and the police. Emory surrendered la-

ter that night at the Mt. Vernon City Police Station.

I.

The appellant argues that the court erred by granting an oral State's motion *in limine* which precluded the defense from mentioning the possible penalties upon conviction on the attempted murder charge. Appellant claims that *Burrus v. Silhavy,* (1973) 155 Ind.App. 558, 293 N.E.2d 794 at 796 requires the motion to be in writing, and that granting the motion did not allow the defendant the opportunity to approach the Court outside the presence of the jury to seek the right to introduce evidence in the prohibited areas.

The State's motion *in limine* was made and granted as follows:

"MR. ALMON: Your Honor the State would move in limine at this time based upon the *Debose* case that the defendant, his counsel or any witnesses called on behalf of the defense not mention the penalty or potential penalty for the crime charged or for lesser included crimes. We would also move for separation of witnesses Your Honor.

THE COURT: Alright Court will sustain both motions. . . ."

Defendant did not object at this time, but specified the granting of this motion as error in his motion to correct errors. The motion was made immediately prior to the impanelling of the jury.

Motions in limine are used before trial as protective orders against prejudicial questions and statements which might arise during trial. *Burrus v. Silhavy,* (1973) 155 Ind.App. 558, 559, 293 N.E.2d 794. As noted in *Burrus, supra,* the authority of the trial court to entertain a motion *in limine* emanates from the inherent power of the trial court to exclude or to admit evidence in the furtherance of its fundamental constitutional purpose, which is the administration of justice. The trial court has inherent discretionary power to grant such motions. *Lagenour v. State,* (1978) 268 Ind. 441, 376 N.E.2d 475; *Crosson v. State,* (1978) 268

Ind. 511, 376 N.E.2d 1136; *Burrus v. Silhavy*, (1973) 155 Ind.App. 558, 559, 293 N.E.2d 794.

Here, appellant claims that granting the motion did not allow him the opportunity to approach the court outside the presence of the jury to seek the right to introduce evidence in the prohibited area. This is not a valid claim. Defendant had an opportunity to object to this motion and did not do so.

In addition, this motion was based upon the *"Debose"* case. *DeBose v. State*, (1979) Ind., 389 N.E.2d 272 held that since juries may no longer fulfill any function regarding sentencing, the amount of penalty prescribed by the legislature is irrelevant and should not be the subject of instruction to the jury, as it would serve no legal or useful purpose. It is, therefore, apparent that the defendant was not denied the opportunity to present any evidence in this regard.

We also note that although in *Burrus v. Silhavy*, (1973) 155 Ind.App. 558, 293 N.E.2d 794, a motion *in limine* is defined as a "written" motion, there seems to be no requirement that a motion in *in limine* must be written. Rather, *Burrus, supra,* emphasized that the advantage of presenting a written motion is that a judge is much more inclined to grant such a written motion when it is accompanied by a brief and submitted in advance of trial to allow time for him to study it. In *Ashbaugh v. State*, (1980) Ind., 400 N.E.2d 767, an oral motion *in limine* was upheld which requested that the trial court issue an order precluding defense counsel and witnesses from mentioning a previous voluntary manslaughter charge or that a second degree murder charge was an added, amended charge. A motion *in limine* may be made orally, and there was no error in the granting of this motion *in limine*.

## II.

Appellant next contends that the trial court erred in giving its preliminary instruction number 5, which was also given as final instruction number 13 over objection. This instruction read as follows:

"The defendant in this case has filed a defense that he is not responsible by reason of insanity at the time of the alleged offense. The burden is upon the defendant to prove by a 'preponderance of the evidence' such defense.

The term 'preponderance of the evidence' means the weight of the evidence. The number of witnesses testifying to a fact on one side or the other or the quantity of evidence introduced on one side or the other is not necessarily of the greater weight. The evidence given upon any fact in issue which convinces you most strongly of its truthfulness is of the greater weight."

Appellant objected to the giving of this instruction on the ground that it placed the burden upon the defendant to prove this defense. He objected that such an instruction is unconstitutional under the Fifth Amendment which does not allow the State to compel him to be a witness against himself. He also objected to it as being unconstitutional under the Fourteenth Amendment as violating due process and claims that it requires him to disprove intent, one of the elements in the actual charge itself. He cites *Sandstrom v. Montana*, (1979) 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 in support of his claim.

*Sandstrom v. Montana, supra,* presented the question of whether, in a case in which intent is an element of the crime charged, the jury instruction, "the law presumes that a person intends the ordinary consequences of his voluntary acts," violated the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt. Because the jury might interpret the presumption in that instruction as a conclusive presumption, which would conflict with the overriding presumption of innocence, and would invade the fact-finding function assigned to the jury, and because that instruction might be interpreted as impermissibly shifting the burden of persuasion to the defendant to prove that he lacked the requi-

site mental state, the United States Supreme Court held that the giving of it was error.

Recently the Indiana Supreme Court considered the impact of the *Sandstrom* case upon an instruction given by a court on the insanity defense. In *Jacks v. State*, (1979) Ind., 394 N.E.2d 166, 174, Jacks argued that the identical language was used, as was used in the *Sandstrom* instruction. This court held that other qualifying language in the *Jacks* instruction which was not included in the *Sandstrom* instruction concerning the jury's duty to look at all of the surrounding circumstances rendered that instruction less limited and mandatory in effect than the United States Supreme Court found the instruction in *Sandstrom* to be.

The instruction in the present case does not involve a presumption. It states the law which became effective on April 1, 1978. Ind.Code § 35–41–4–1 (Burns Supp. 1978 as amended by Acts 1978, P.L. 145, § 9). This statute and its effect were fully discussed in *Price v. State*, (1980) Ind., 412 N.E.2d 783, wherein it was held not to violate the Constitution of the United States or the Indiana Constitution. There is no error on this issue.

### III.

■ Appellant next claims that the court erred in giving its final instruction number 9.

The Court's instruction read as follows:

"It is necessary that every material element of the crime charged against the accused should be proved by the evidence beyond a reasonable doubt, but it is not necessary that all incidental or subsidiary facts should be proved beyond a reasonable doubt."

Appellant objected to this instruction on the basis that it was confusing and misleading.

This instruction adequately states the law and was specifically upheld in *Ringham v. State*, (1974) 261 Ind. 628, 308 N.E.2d 863, 866–867. *See also: Hartwell v. State*, (1974) 162 Ind.App. 366, 321 N.E.2d 222; *Abel v. State*, (1975) 165 Ind.App. 664, 333

N.E.2d 848; *Bousman v. State*, (1975) 167 Ind.App. 386, 338 N.E.2d 723; *James v. State*, (1976) 265 Ind. 384, 354 N.E.2d 236.

### IV.

■ Appellant finally argues that the court erred in refusing to give the defendant's final instruction number 10 which reads as follows:

"It is the law of the State of Indiana that our criminal justice system cannot be based on punishment. In determining the issues in the case you are to put aside any thought of punishment or sympathy and base your verdict solely upon the evidence. Constitution of Indiana Art. I, Sec. 18."

In *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836, 838 this Court set out the analysis for determining whether error results from the refusal of a tendered instruction. There this court held:

In considering whether any error results from refusal of a tendered instruction we must determine: (1) whether the tendered instruction correctly states the law, *Gayer v. State*, (1965) 247 Ind. 113, 210 N.E.2d 852; (2) whether there is evidence in the record to support the giving of the instruction, *Wathen v. State*, (1965) 246 Ind. 245, 204 N.E.2d 526; (3) whether the substance of the tendered instructions is covered by other instructions which are given, *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770; *New v. State*, (1970) 254 Ind. 307, 259 N.E.2d 696; *Cockrum v. State*, (1968) 250 Ind. 366, 234 N.E.2d 479.

265 Ind. at 478, 355 N.E.2d at 838.

Article 1, § 18 of the Constitution of Indiana reads as follows:

The penal code shall be founded on the principles of reformation, and not of vindictive justice.

Appellant's tendered instruction and claim that Indiana's Constitution contains a prohibition against verdicts being based upon punishment is simply not a correct statement of the law. There was no error in the refusal to give this instruction.

In addition, the trial judge instructed the jury on the credibility of witnesses and the weight to be given to their testimony. He instructed them on the presumption of innocence and on the proper consideration of conflicting evidence. They were instructed to consider the evidence impartially and to determine their verdict based on the law and the facts. Therefore, these other instructions covered the substance of the defendant's tendered instruction, and instructed the jury to base its verdict on the evidence. There is no error on this issue.

Judgment affirmed.

All Justices concur.